## MEANING OF THE WORD "ADJACENT" IN AN OIL LEASE.

Circuit Court of Cuyahoga County.

A. O. WEST v. FRED L. HALL ET AL.

Decided, October 14, 1912.

*Oil and Gas Leases—"Adjacent" Defined.*

Where the conditions of an oil and gas lease are that the lease is to
be null and void if the lessee does not drill on land adjoining or
adjacent to that leased within a certain time, drilling upon land
two miles distant and separated by eight farms from the land
leased does not prevent forfeiture of the lease, as that is not ad-
jacent within the meaning of the lease.

*L. D. Hamlin* and *H. C. Wilcox*, for plaintiff.
*Smith, Taft & Arter*, contra.

WINCH, J.; MARVIN, J., and NIMAN, J., concur.

This is an action for the cancellation of an oil and gas lease
which contains the following provision:

"It is further agreed by all parties hereto that if a well is
not commenced drilling on this land, adjoining or adjacent land
within six months from the date hereof, then this contract is
null and void and not binding on either party."

The evidence in this case shows that no well was drilled on
the demised premises or on land adjoining it, within the six
months. Within that time the defendant, or his successors in
interest under the lease, did drill four wells on other property
leased by him, the first well being two and one-half miles distant
in a direct line from plaintiff's land and the other three within
a radius of fifteen hundred feet of the first well. Eight farms
of usual size intervene between plaintiff's land and the well
first drilled; plaintiff's land is in the center of the township and
the wells are in the northeast corner of it. Most of the land in
the northeast quarter of the township is under lease to defend-
ant on similar terms.

Defendant claims these wells are on land adjacent to plaintiff's land and save the forfeiture stipulated in the lease.

The main question in this case is the meaning of the word "adjacent" as used in this lease.

While many cases have been cited to us which define the meaning of that word when used in various contracts and statutes, no case has been brought to our attention which does so in regard to an oil and gas lease. It seems clear, however, both from the definitions of lexicographers and jurists that the word "adjacent" has a broader meaning than "adjoining" and that things may be said to be adjacent, even if something intervenes between them.

How far apart they may be and yet be considered adjacent must be determined from a consideration of the facts and circumstances surrounding the use of the word in each case and the meaning intended by the parties to be expressed by it, if it apparently has a special meaning.

The purpose to be served by the use of this clause in the lease, as determined from a consideration of the whole lease and the circumstances attendant upon its execution, must be first examined.

The main consideration moving the lessor to the execution of this lease was manifestly his desire to market the oil and gas under his land, if any, and receive the income therefrom.

When he provided, however, that the lease might continue in force if wells were drilled on adjoining or adjacent farms within the time stipulated (in which case the lease says he shall be paid one dollar per acre per year as rental under the lease), the lessor evidently had in mind some benefit to himself other than the marketing of his own oil and gas.

It was agreed on argument, by counsel on both sides, that this benefit to the lessor was the ascertainment, by proper drilling, of the fact as to the existence of subterranean oil and gas in his neighborhood, near enough to his lands to be some indication of the existence under his own lands of oil and gas in paying quantities.

What that distance is in the practical drilling of such wells, we are not advised by the evidence in this case, beyond the mere fact that defendant has seen fit to drill his wells fifteen hundred feet apart. Having nothing else to go by, not knowing the geological formations in this territory, their trend and dip, we take the farmer's view of the case and hold that the drilling operations in this territory were too remote from plaintiff's land to give him any indication of there being either oil or gas under his farm.

We therefore hold that the wells drilled within the six months are not on land adjacent to plaintiff's farm and that, by a failure to comply with the quoted provision of the lease, it became void by its own terms.

Defendant, however, claims the lease is still in force by virtue of another clause in it, by which it is stipulated "to commence a well on said premises within one-half year from the date hereof, or pay at the rate of $1 per acre per year quarterly, for each additional three months such commencing is delayed from the time above mentioned for the commencement of such well until a well is commenced; and it is agreed that the completion of such well shall be and operate as a full liquidation of all rental under this provision during the remainder of the term of this lease."

It seems clear that here is a provision for the payment of rent, if the lease continues in force by the drilling of a well on adjoining or adjacent land, and that this clause falls, with the whole lease, if forfeiture occurs under the clause first considered.

The clause containing the provision avoiding the lease for failure to drill on "this land, adjoining or adjacent land" comes after the provisions for the payment of rental at the rate of one dollar per acre per year, and the later clause must prevail, if there is any conflict. But we see no conflict; the first clause is a provision for the payment of rent, while the lease continues in force; the latter clause is a provision avoiding the whole lease, if certain conditions are not complied with.

Judgment for plaintiff as prayed for.