**CLEVELAND METROPOLITAN PARK DISTRICT, Appellee,**

v.

**SANDLER, Appellant**

[Cite as *Cleveland Metro. Park Dist. v. Sandler* (1991), 72 Ohio App.3d 617.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60063.

Decided Feb. 25, 1991.

*Joseph F. Feighan*, for appellee.

*Dale S. Economus*, for appellant.

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Garfield Heights Municipal Court, the briefs and the oral arguments of counsel. This is a timely appeal from the trial court's finding that appellant is guilty of violating R.C. 4511.13, overtaking and passing in a hazardous zone. Appellant, Alan G. Sandler, contends the trial court erred in overruling his motion to dismiss on the basis that the park ranger who detained and cited him lacked jurisdiction since the offense occurred outside of park property.

The authority of the park ranger is granted pursuant to R.C. 1545.13, which states that designated employees of a park commission "may exercise all the powers of police officers within and adjacent to the lands under the jurisdiction and control of such board." *State v. Wilson* (Aug. 21, 1990), Hancock App. No. 5–89–22, unreported, 1990 WL 121490. The word "adjacent" is defined in Black's Law Dictionary as lying near or close to. *Id.* The testimony adduced at trial indicates the appellant traversed the double yellow lines approximately fifteen hundred to two thousand feet from the Cleveland Metroparks. Thus, we find the area in which the offense occurred was adjacent to park property. In accordance with R.C. 1545.13, we conclude the park ranger had jurisdiction to detain and cite appellant for a traffic violation where the offense occurred in an area adjacent to the park property.

Appellant also argues that a statement made by appellee's counsel in opposition to appellant's motion to dismiss was a judicial admission. However, since motions to dismiss are not pleadings in criminal cases, admissions made in motions to dismiss cannot be binding on appellee. See Crim.R. 12.

Therefore, upon a review of the evidence adduced at trial, we find the judgment of the trial court was not against the manifest weight of the evidence or contrary to law. See *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 262, 376 N.E.2d 578, 579.

Assignments of Error I, II and III are overruled.

*Judgment affirmed.*

DYKE, P.J., FRANCIS E. SWEENEY and JOHN F. CORRIGAN, JJ., concur.