[Cite as *Rose v. Primal Ability, Ltd.*, 2014-Ohio-3610.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Sara L. Rose et al., | : | |
| Plaintiffs-Appellants, | : | No. 14AP-114 |
| | | (C.P.C. No. 13CVH-8575) |
| v. | : | |
| Primal Ability, Ltd. et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on August 21, 2014

*Sara L. Rose, LLC,* and *Sara L. Rose*, for appellants.

*Kooperman Gillespie Mentel, Ltd.*, and *David R. Darby*, for appellee Primal Ability, Ltd.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1}  Plaintiffs-appellants, Sara L. and Curtis Rose, appeal from a judgment on the pleadings entered against them by the Franklin County Court of Common Pleas on their declaratory judgment action against defendants-appellees, Primal Ability, Ltd., d.b.a. Ohio Krav Maga, Ohio KM & F, and Crossfit OKM ("Primal Ability"), and a John Doe defendant.

{¶ 2}  Appellants assign two errors for our consideration as follows:

> I. THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND IN GRANTING APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS.

## II. THE TRIAL COURT ERRED IN DENYING APPELLANTS' PETITION FOR DISCOVERY.

{¶ 3} On January 28, 2012, appellant Sara L. Rose (individually "appellant") signed up for a self-defense class offered by Primal Ability. During class, appellant was flipped by a student in the class whose name she does not know. As a result of the flip, appellant injured her back.

{¶ 4} Before starting the class, appellant had signed a detailed release entitled "Intro class waiver" (hereinafter "waiver"). The waiver, if valid, barred appellant from suing Primal Ability for negligence. The document also stated that she would reimburse Primal Ability any attorney fees it expended in defending against such a lawsuit.

{¶ 5} On August 6, 2013, appellant and her husband filed a declaratory judgment action in the court of common pleas. The complaint filed by appellants included a copy of the waiver. Appellants requested the trial court to construe the validity of the waiver and its indemnification provision. Appellants sought a declaratory judgment that the waiver did not apply to shield appellees from a personal injury lawsuit for the injuries sustained by appellants. The complaint alleged potential claims for recklessness and loss of consortium, and also requested the trial court to declare that the waiver did not allow Primal Ability to collect attorney fees or costs if appellants sued for personal injuries as a result of alleged recklessness by appellees.

{¶ 6} At the same time, appellants also filed a petition for discovery requesting they be permitted to pursue discovery to determine the identity of the person who flipped appellant. The complaint alleged that John Doe recklessly flipped appellant after being asked not to engage in such conduct. In their answer, Primal Ability admits that it withheld the identity of the person who allegedly injured appellant due to concerns over that person's privacy, and that the individual in question is a minor.

{¶ 7} Primal Ability filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). In response, appellants filed their own motion for judgment on the pleadings and a memorandum contra Primal Ability's motion for judgment on the pleadings.

{¶ 8} As the time for the expiration of the personal injury statute of limitations approached, appellants filed their personal injury lawsuit before receiving the answers

they sought in the declaratory judgment action.  The trial court apparently took judicial notice that appellants had filed a tort action against Primal Ability and John Doe in Franklin C.P. No. 14CV-788.   On February 3, 2014, the trial court granted judgment on the pleadings in favor of Primal Ability, concluding as a matter of law that appellants had not established a need for speedy relief.[1]

{¶ 9}    The trial court held in part:

> Plaintiffs are seeking a ruling from the court that they can proceed with their personal injury lawsuit against Defendants without the risk of having the indemnification clause or the waiver enforced against them during the lawsuit.  This is not the immediacy contemplated by the requirements of declaratory relief.

(February 3, 2014 Decision and Entry, 4.)

{¶ 10} Under the first assignment of error, appellants contend the trial court erred in granting appellees' motion for judgment on the pleadings based upon a determination that declaratory judgment was not appropriate. "[A]n appellate court reviewing a declaratory-judgment matter should apply an abuse-of-discretion standard in regard to the trial court's holding concerning the appropriateness of the case for declaratory judgment, i.e., the matter's justiciability, and should apply a de novo standard of review in regard to the trial court's determination of legal issues in the case." *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 1.  With this standard in mind, we review the decision of the trial court.

{¶ 11} R.C. Chapter 2721 deals with declaratory judgments.   R.C. 2721.02(A) provides as follows:

> Subject to division (B) of this section, *courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed.* No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for under this chapter. The declaration may be either affirmative or

---

[1] Although not part of the record before the trial court, appellant represented in her brief and at oral argument that there was a failure of service and that subsequently she had dismissed her personal injury suit.  Thus, her lawsuit was technically never commenced.  However, this action has no bearing on our disposition of the appeal since declaratory relief is available regardless of whether other relief is or could be claimed.

> negative in form and effect. The declaration has the effect of a final judgment or decree.

(Emphasis added.)

{¶ 12} The above section is read in conjunction with R.C. 2721.03, which provides in pertinent part:

> Subject to division (B) of section 2721.02 of the Revised Code, any person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it.

{¶ 13} The declaratory judgment act is remedial in nature and its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered. *Jones v. Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 26. Declaratory judgment is not always available as an alternative remedy unless the trial court, within its discretion, finds that the action is consistent with the purposes of R.C. 2721.03 (Declaratory Judgment Act). *Mack v. Ohio State Dental Bd.*, 10th Dist. No. 00AP-578, (Mar. 30, 2001), citing *Schaefer v. First Natl. Bank of Findlay*, 134 Ohio St. 511, 519 (1938).

{¶ 14} "[D]eclaratory judgment is a remedy in addition to other legal and equitable remedies and is to be granted where the court finds that speedy relief is necessary to the preservation of rights which might otherwise be impaired." *Arbor Health Care Co. v. Jackson*, 39 Ohio App.3d 183, 186 (10th Dist.1987), citing *Herrick v. Kosydar*, 44 Ohio St.2d 128 (1975). *See also Schaefer* at 519 (the purpose of the Declaratory Judgment Act is to determine the construction or validity of a contract even in cases in which there is a remedy either in law or equity, if a speedy and immediate adjudication is essential to full protection of rights and interests).

{¶ 15} Here, the question we must answer is one of justiciability. Three elements are necessary to obtain declaratory judgment as an alternate to other remedies: (1) a real controversy must exist between adverse parties, (2) which is justiciable in nature, and (3) speedy relief is necessary to the preservation of rights that may otherwise be impaired or lost. *Fairview Gen. Hosp. v. Fletcher*, 63 Ohio St.3d 146, 148-49 (1992).

{¶ 16} By signing the waiver, appellant, "for [her]self, [her] personal representative, assigns, heirs and next of kin," agreed to "[h]ereby release, discharge, and covenant not to sue the Released Parties * * * from all liability, claims, demands, losses, or damages on my account caused or alleged to be causes [sic] in whole or in part by the negligence of the Released Parties." (Complaint, exhibit A.) Given the language of the waiver, appellants sought to know what potential claims against Primal Ability may still exist, and the extent of the indemnification provision.

{¶ 17} The essence of declaratory relief is to dispose of uncertain or disputed obligations quickly and conclusively. *Mid-American Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, ¶ 8. Resolving this type of uncertainty is at the heart of the Declaratory Judgment Act, R.C. 2721.01 et seq. Under R.C. 2721.04, "a contract may be construed by a declaratory judgment or decree either before or after there has been a breach of the contract." Moreover, R.C. 2721.02(A), quoted above, expressly authorizes the rendition of judgments whether or not further relief is or could be claimed. As the Supreme Court of Ohio stated: "The very purpose of [The Declaratory Judgment Act] is to determine the construction or validity of a contract even in cases in which there is a remedy either in law or equity, if a speedy and immediate adjudication is essential to full protection of rights and interests." *Schaefer* at 519. *See also* Civ.R. 57 ("The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate.").

{¶ 18} If a declaratory judgment will not terminate the uncertainty or controversy under R.C. 2721.07, a court may refuse to render or enter a declaratory judgment or decree. In this case, any underlying tort action will not be resolved by the declaratory judgment action.

{¶ 19} Here, the trial court's decision focused on the third element. The court noted that the issues appellants raised in this declaratory judgment action (i.e., the

meaning, scope, and enforceability of the waiver) would be raised and decided in the pending tort action between the same parties. Therefore, the trial court found that speedy relief afforded under the Declaratory Judgment Act was not necessary to preserve rights that might otherwise be impaired or lost.[2] This finding is not an abuse of discretion.

{¶ 20} Arguably, judicial interpretation of the waiver will determine whether appellants have waived the right to bring a personal injury action based on negligence or recklessness and a claim for loss of consortium against Primal Ability or John Doe. Depending on how the waiver is construed, appellants may be liable to Primal Ability for "litigation expenses, reasonable attorney fees, loss, liability, damage, or cost which any may incur as the result of such claim." (Complaint, exhibit A.) In its answer to the complaint, Primal Ability averred that appellants' claims were barred by the waiver. However, the fact that the tort action potentially exposes appellants to an obligation to pay Primal Ability's litigation expenses, including attorney fees, does not support a finding that the trial court abused its discretion. Potential exposure to litigation expenses and attorney fees does not establish a need for speedy relief to preserve rights that may otherwise be impaired or lost.

{¶ 21} As noted, an appellate court applies an abuse of discretion standard when reviewing a trial court's decision on the justiciability of a declaratory judgment action. *Arnott* at ¶ 1. Given the pendency of appellants' tort action against appellees, the trial court did not abuse its discretion when it found appellants' declaratory judgment action nonjusticiable. *See, e.g., Peat Marwick Main & Co. v. Elliott*, 10th Dist. No. 90AP-921 (Jan. 10, 1991) (plaintiff failed to demonstrate speedy relief is necessary to preserve its rights as sufficiency of its defenses to a negligence action can be tested in pending action).

{¶ 22} Accordingly, appellants' first assignment of error is without merit and is overruled.

{¶ 23} In their second assignment of error, appellants argue that the trial court should have granted their petition for pretrial discovery under Civ.R. 34(D) and R.C. 2317.48. As noted by the trial court, however, appellants will be able to pursue discovery in the course of their tort action and amend their complaint accordingly.

---

[2] Apparently, appellants filed the tort action to avoid a statute of limitations bar. Appellants' complaint alleges that the statute of limitations on their tort claim would expire on January 28, 2014. (Complaint at ¶ 14.) The trial court granted appellees' Civ.R. 12(C) motion on February 3, 2014.

{¶ 24} The second assignment of error is therefore rendered moot.

{¶ 25} Based upon the foregoing, appellants' first assignment of error is overruled, the second assignment of error is rendered moot, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

KLATT, J., concurs.
TYACK, J., dissents.

TYACK, J. dissenting.

{¶ 26} Being unable to agree with the majority, I dissent.

{¶ 27} The appellants' decision to bring a declaratory judgment action before filing their personal injury action was a cost effective means to avoid wasting judicial and legal resources. Prior to filing suit, appellants wanted judicial construction of the waiver. This would have allowed them to know what, if any, claims against Primal Ability existed and the extent of the indemnification provision. Depending on how the trial court construed the waiver they might have decided not to proceed with their tort action at all. Instead, they are now forced to incur significant litigation costs merely to determine if they have justiciable claims.

{¶ 28} Appellants needed the speedy relief provided by a declaratory judgment action. The trial court's failure to rule on the declaratory judgment action prior to the expiration of the statute of limitations placed the appellants into a "Catch-22" situation. Appellants had to file the personal injury action, allowing them to avail themselves of the savings statute if the trial court delayed its decision. Adjudication of the indemnification provision would have allowed appellants to know whether they were liable for Primal Ability's attorney fees before they pursued any tort action. While sometimes enforceable, Ohio law does not favor contract terms that require a party to pay the opposing party's attorney fees. *See generally Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, ¶ 8-9, and cases cited therein. Here, an early determination of the enforceability of the waiver was necessary to protect the rights and interests of appellants. Had the trial court resolved the dispute by a declaratory judgment, Primal Ability might not have needed to defend against a lawsuit at all.

{¶ 29} I believe the trial court overlooked the overall purpose of the Declaratory Judgment Act in finding that filing a personal injury lawsuit eliminated the need for declaratory relief.  This is particularly true here because appellants never obtained service of process.  The lawsuit was essentially a place holder to allow appellants to use the savings statute.  The need for a determination of the parties' rights and obligations under the waiver remained regardless of the personal injury lawsuit.  Therefore, I would find that the trial court abused its discretion in granting judgment on the pleadings in favor of Primal Ability.

_____