[Cite as *Wilkins v. Harrisburg*, 2015-Ohio-5472.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Paula J. Wilkins, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-1028 |
| v. | : | (C.P.C. No. 12CV-14070) |
| The Village of Harrisburg et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

## D E C I S I O N

### Rendered on December 29, 2015

*Paula J. Wikins*, pro se.

*Kopech & O'Grady LLC*, and *Michael P. O'Grady*, Solicitor, for appellee The Village of Harrisburg.

*Plank Law Firm, LPA*, and *David Watkins*, for appellee Larry Taylor.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Paula J. Wilkins ("appellant"), appeals pro se from a judgment of the Franklin County Court of Common Pleas which granted the motions for summary judgment filed by defendants-appellees. Because the trial court erred, we reverse that judgment.

## I. Facts and Procedural History

{¶ 2} Appellant owns property located at 8048 Harrisburg Pike, which is commonly known as State Route 3 and/or U.S. Route 62 ("Harrisburg Pike" or "Route 62."). Appellant's property is not located within the Village of Harrisburg. Directly across Harrisburg Pike from appellant's property lies property owned by Larry Taylor. Taylor's property is located at 8087 Harrisburg Pike and consists of several parcels totaling

26.2150 acres. In 2002, the Franklin County Commissioners approved an application for annexation of 23.775 acres of the 26.2150 acres of Taylor's property to the Village of Harrisburg.

{¶ 3} In 2010, the Village of Harrisburg passed two ordinances which involved the rezoning of Taylor's property from rural agricultural zoning to a community service II zoning district. (Complaint, ¶ 30.) In 2012, appellant filed a complaint seeking a writ of mandamus, a declaratory judgment, injunctive relief, sanctions, and civil damages. The complaint named as defendants the Village of Harrisburg, several Village of Harrisburg Council members in their official and individual capacities, the Harrisburg Fiscal Officer in her official and individual capacity, several former members of the Harrisburg Council in their individual capacity, the Village of Harrisburg mayor in her individual capacity (collectively, "the Village defendants"), Larry Taylor ("Taylor"), and the Ohio Attorney General. Appellant's complaint challenged the two ordinances.

{¶ 4} The trial court granted the Ohio Attorney General's motion to dismiss. Subsequently, Taylor and the Village defendants each filed a motion to dismiss. The trial court referred these motions to a magistrate. The magistrate held a non-evidentiary hearing, and the Village defendants waived all of their arguments regarding the motion to dismiss, other than the argument that appellant did not have standing to challenge the ordinances.

{¶ 5} Upon the suggestion of the Village of Harrisburg, after the hearing, the trial court converted the motions to dismiss to motions for summary judgment "on the issue of whether the property owned by Plaintiff is adjacent to or across the street from the rezoned property in the Village of Harrisburg at issue in this case. Specifically, the issue is whether there is a swath of land between the rezoned property and Route 62, across the street from the land owned by Plaintiff." (June 9, 2014 Notice of Conversion of Motions.) The court permitted the parties to submit affidavits addressing this issue. In response, the Village defendants submitted the affidavit of the Harrisburg Mayor and a map of Taylor's property. The magistrate's decision, filed August 19, 2014, granted the motions for summary judgment in favor of Taylor and the Village defendants. Appellant requested findings of fact and conclusions of law and, on October 7, 2014, the magistrate denied the request because his August 19, 2014 decision already contained conclusions of law and the

ruling on summary judgment merely determined whether a genuine issue of material fact exists. Appellant filed objections, but the trial court overruled the objections and adopted the magistrate's decision on November 14, 2014. Appellant filed a timely notice of appeal.

## II. Assignments of Error

{¶ 6} On appeal, appellant assigns the following errors for our review:

1. TO THE PREJUDICE OF THE APPELLANT, THE COURT GRANTED SUMMARY JUDGMENT TO DEFENDANTS BY ADOPTING THE MAGISTRATE'S DECISION IN ITS ENTIRETY.

2. TO THE PREJUDICE OF THE APPELLANT, THE COURT OVERRULED APPELLANT'S FIRST OBJECTION TO THE MAGISTRATE'S DECISION THAT "THERE EXISTS JUSTICIABLE ISSUES OF FACT THAT PRECLUDES THE GRANTING OF SUMMARY JUDGEMENT (sic) IN THE INSTANT CASE."

3. TO THE PREJUDICE OF THE APPELLANT, THE COURT OVERRULED APPELLANT'S SECOND OBJECTION TO THE MAGISTRATE'S DECISION THAT "THE MAGISTRATE IN HIS RULING ERRONEOUSLY APPLIED THE DECISION OF THE OHIO SUPREME COURT IN MOORE V. MIDDLETOWN THAT PLAINTIFF LACKS STANDING TO BRING AN ACTION CHALLENGING THE ZONING ENACTMENT OF AN ADJACENT FOREIGN MUNI-CIPALITY."

4. TO THE PREJUDICE OF THE APPELLANT, THE COURT OVERRULED APPELLANT'S THIRD OBJECTION TO THE MAGISTRATE'S DECISION THAT "THE MAGISTRATE'S DECISION IS PREJUDICIAL TO PLAINTIFF AND AN ABUSE OF DISCRETION WHERE THE MAGISTRATE FAILED TO ADDRESS ALL OF THE ISSUES INVOLVED AND NARROWED THE ISSUE OF STANDING TO THE SINGULAR ISSUE OF WHETHER OR NOT A 'SWATH' EXISTS BETWEEN THE VILLAGE BOUNDARY AND THE PROPERTY OF THE PLAINTIFF."

5. TO THE PREJUDICE OF THE APPELLANT, THE COURT OVERRULED APPELLANT'S FOURTH OBJECTION TO THE MAGISTRATE'S DECISION THAT "THE MAGI-STRATE'S DECISION IS PREJUDICIAL TO THE PLAINTIFF BY GIVING INAPPROPRIATE WEIGHT TO THE ARGU-MENTS AND AFFIDAVIT OF DEFENDANTS WHILE AT

THE SAME TIME DISCOUNTING EACH OF THE ARGUMENTS AND AFFIDAVIT OF THE PLAINTIFF."

6. TO THE PREJUDICE OF THE APPELLANT, THE COURT OVERRULED APPELLANT'S FIFTH OBJECTION THAT APPELLEE'S AFFIDAVIT CONTAINS FALSE AND/OR MISLEADING STATEMENTS AND SHOULD BE DIS-COUNTED IN ITS ENTIRETY.

7. TO THE PREJUDICE OF THE APPELLANT, THE COURT OVERRULED APPELLANT'S OBJECTIONS WITHOUT PROVIDING EXPLANATION OR REASONING AS TO HOW THAT DECISION WAS MADE BY THE COURT.

8. TO THE PREJUDICE OF THE APPELLANT, THE COURT ADOPTED THE MAGISTRATE'S DECISION WITHOUT PROVIDING EXPLANATION OR REASONING AS TO HOW THAT DECISION WAS MADE BY THE COURT.

9. TO THE PREJUDICE OF THE APPELLANT, THE COURT FAILED TO ADDRESS THE ISSUES RAISED BY APPELLANT THAT DEFENDANTS HAVE PROVIDED BRIEFS AND AFFIDAVITS CONTAINING FALSE AND/OR MISLEADING INFORMATION TO THE COURT, BOTH BEFORE AND SUBSEQUENT TO THE MAGISTRATE'S DECISION.

10. TO THE PREJUDICE OF THE APPELLANT, THE COURT FAILED TO ADDRESS THE ISSUE RAISED BY APPELLANT THAT THE MAGISTRATE MADE CONTRA-DICTIVE STATEMENTS IN THE MAGISTRATE'S DECISION AND THE MAGISTRATE'S DENIAL OF PLAINTIFF'S REQUEST FOR FINDINGS OF FACTS AND CONCLUSIONS OF LAW, RELATIVE TO EVIDENCE PRESENTED AT THE HEARING BEFORE THE MAGI-STRATE ON JUNE 6, 2014.

## III. Standard of Review

{¶ 7} We review a grant of summary judgment de novo. *Capella III, LLC v. Wilcox*, 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16 (10th Dist.), citing *Andersen v. Highland House Co.*, 93 Ohio St.3d 547, 548 (2001). "De novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." (Internal citations omitted.) *Holt v. State*, 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9. Summary judgment is appropriate where "the moving party

demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Capella III* at ¶ 16, citing *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, ¶ 6.  In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the nonmoving party. *Pilz v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 8. *See also Hannah v. Dayton Power & Light Co.*, 82 Ohio St.3d 482, 485 (1998) ("Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion."). Therefore, we undertake an independent review to determine whether Taylor and the Village defendants were entitled to judgment as a matter of law. Furthermore, for purposes of appellate review, a question involving standing is typically a question of law and, as such, it is to be reviewed de novo.  *LULAC v. Kasich*, 10th Dist. No. 10AP-639, 2012-Ohio-947, ¶ 23, citing *Ohio Concrete Constr. Assn. v. Ohio Dept. of Transp.*, 10th Dist. No. 08AP-905, 2009-Ohio-2400, ¶ 9.

## IV. Legal Analysis

### A. Legal Arguments

{¶ 8}  For ease of discussion, we are combining related issues in appellant's assignments of error.  By her first four assignments of error, appellant contends that the trial court erred in granting appellees' motions for summary judgment.

{¶ 9}  Appellant's property is across Route 62 from Taylor's property.  However, a strip of Taylor's property, which borders and runs along Route 62, was not annexed into the Village of Harrisburg.  This strip of Taylor's property is located between the rezoned part of Taylor's property and appellant's property.  Taking into consideration this strip of land, the magistrate found that "Plaintiff is a non-resident of the municipality who does not own property adjacent to, or directly across the street from, the municipality. Accordingly, under *Moore* [*v. Middleton*, 133 Ohio St.3d 55, 2012-Ohio-3897], Plaintiff does not have standing to challenge the Village's zoning decision." (Aug. 19, 2014 Magistrate's Decision.)   Throughout the decision, the magistrate used the terms

"adjoining," "directly across the street," and "adjacent to" interchangeably. The trial court overruled appellant's objections and adopted the magistrate's decision in its entirety.

{¶ 10} The Village defendants argue that summary judgment was appropriately granted for three reasons: (1) appellant's remedy cannot be provided by mandamus; (2) appellant does not have standing under R.C. 713.12 to bring this action as she is not a resident of the municipal corporation; and (3) appellant has not alleged damages for which injunctive and/or declaratory relief can be granted. Taylor argues that summary judgment was appropriate because the magistrate was correct in finding that appellant did not have standing to challenge the zoning ordinances.

{¶ 11} Appellant contends that summary judgment was inappropriate because there are justiciable issues of fact that preclude granting summary judgment, and she has standing to challenge the ordinances pursuant to *Moore v. Middleton*, 133 Ohio St.3d 55, 2012-Ohio-3897, because her property is adjacent to Taylor's property.

### B. Mandamus Relief

{¶ 12} To be entitled to a writ of mandamus, appellant must demonstrate that: (1) she has a clear legal right to the requested relief; (2) the Village defendants have a clear legal duty to perform the requested act; and (3) she has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983), *certiorari denied*, 464 U.S. 1017 (1983). Here, appellant seeks a writ of mandamus to order the Village defendants not to adopt rezoning ordinances or amendments to zoning regulations that do not comply with R.C. 713.12 and other relative ordinances and resolutions.[1]

{¶ 13} Although the Supreme Court of Ohio has held that mandamus may be used to determine the constitutionality of statutes (*see State ex rel. Michaels v. Morse*, 165 Ohio St. 599 (1956)), it has also held that, " 'if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction.' " *State ex rel. Satow v. Gausee-Miliken,* 98 Ohio St.3d 479, 2003-Ohio-2074, ¶ 13, quoting *State ex. rel. Grendell v. Davidson*, 86

---

[1] We note that, at ¶ 12 of her reply brief, appellant states "no where in appellant's complaint is a 'takings' claim presented nor even mentioned." Therefore, we do not analyze or opine whether mandamus relief is an appropriate remedy when taking is at issue.

Ohio St.3d 629, 634 (1999). (*See also State ex rel. Ohio AFL-CIO v. Taft*, 10th Dist. No. 03AP-337, 2003-Ohio-6828.) In *State ex rel. Williams v. Trim*, ___Ohio St.3d___, 2015-Ohio-3372, ¶ 24 (slip opinion), the court also held that, if a complaint in mandamus is really asking for a prohibitory injunction, there is an alternate remedy at law, and a writ of mandamus is precluded.

{¶ 14} The court in *Satow* instructed that, in order to determine the true objective of the complaint, it is necessary to consider whether it "actually seeks to prevent, rather than to compel, official action." *Id.* at ¶ 13.

{¶ 15} At page 15 of her complaint, appellant specifically seeks:

> WHEREFORE, Plaintiff hereby prays and request[s] that the Court:
>
> * * *
>
> c. * * * permanently enjoin and/or issue a Writ of Mandamus to the Defendants from adopting rezoning ordinances that are not in compliance with ORC 713.12 and all other relative Ordinances and Resolutions adopted by the Village of Harrisburg.
>
> d. * * * permanently enjoin and/or issue a Writ of Mandamus to the Defendants from adopting amendments to the Village of Harrisburg zoning regulations that are not in compliance with ORC 713.12 and all other relative Ordinances and Resolutions adopted by the Village of Harrisburg.

{¶ 16} Clearly, although appellant's claims are partially couched in terms of compelling affirmative duties, the essence of her claims in these paragraphs involve declaratory judgment and prohibitory injunction. Therefore, appellant fails to establish that she is entitled to a writ of mandamus to order appellees to not adopt rezoning ordinances or zoning regulations in violation of the law. Therefore, we overrule appellant's first through fourth assignments of error to the extent they address her mandamus claims.

## C. Declaratory Judgment

{¶ 17} In her complaint, appellant also seeks a declaratory judgment that the ordinances and zoning regulations in question are null and void. Appellant requests that the court:

e. * * * render declaratory judgment declaring Ordinance 0-1-10 is null and void as having failed to follow the statutory procedures of Ohio Revised Code 713.12 and that the effect of such action upon Plaintiff's property violates procedural and substantive due process.

f. * * * render declaratory judgment declaring Ordinance 0-2-10 is null and void as being arbitrary, capricious, unreasonable, and unconstitutional and having no substantial relation to, nor the substantial advancement of the public health, safety and welfare, and [that] the effect of such action upon Plaintiff's property violates procedural and substantive due process.

(Complaint, 15, Sections e and f.)   In their memoranda contra, appellees argue that appellant cannot prevail on her declaratory judgment action as she was not entitled to a notice of the zoning changes pursuant to R.C. 713.12 because her property is not contiguous to or directly across the street from Taylor's property. Appellees also contend that appellant does not have standing to pursue her declaratory judgment action.

{¶ 18} R.C. 2721.02(A) provides for declaratory judgments, as follows:

Subject to division (B) of this section, courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed.  No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for under this chapter.  The declaration may be either affirmative or negative in form and effect.  The declaration has the effect of a final judgment or decree.

{¶ 19} R.C. 2721.02(A) is read in conjunction with R.C. 2721.03, which provides in pertinent part, as follows:

Subject to division (B) of section 2721.02 of the Revised Code, * * * any person whose rights, status, or legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contracts, or franchise and obtain a declaration of rights, status, or other legal relations under it.

{¶ 20} The purpose of the Declaratory Judgment Act is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. It is remedial in nature and is to be liberally construed and administered. *Rose v. Primal Ability, Ltd.*, 10th Dist. No. 14AP-114, 2014-Ohio-3610, ¶ 13, citing *Jones v. Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 26.

{¶ 21} To obtain declaratory judgment as an alternative to other remedies, one must demonstrate three elements, which are:  (1) that a real controversy exists between adverse parties; (2) which is justiciable in nature; and (3) that speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost. *Fairview Gen. Hosp. v. Fletcher*, 63 Ohio St.3d 146, 148 (1991), citing *Herrick* at 130.

{¶ 22}   Before a court can consider the merits of a legal claim, the person seeking relief must establish standing to sue. *Ohio Contrs. Assn. v. Bicking*, 71 Ohio St.3d 318, 320 (1994).  Standing determines " 'whether a litigant is entitled to have a court determine the merits of the issues presented.' " *Moore* at ¶ 20, citing *State ex rel. Teamsters Loc. Union No. 436 v. Cuyahoga Cty. Bd. of Commrs.*, 132 Ohio St.3d 47, 2012-Ohio-1861, ¶ 10, quoting *Ohio Contrs. Assn.*

{¶ 23} "Standing" has been defined as a " 'party's right to make a legal claim or seek judicial enforcement of a duty or right.' " *State ex rel. Butler Twp. Bd. of Trustees v. Montgomery Cty. Bd. of Commrs.*, 124 Ohio St.3d 390, 2010-Ohio-169, ¶ 19, quoting *Ohio Pyro, Inc. v. Ohio Dept. of* Commerce, 115 Ohio St.3d 375, 2005-Ohio-5024, ¶ 27, quoting Black's Law Dictionary (8th Ed.2004) 1442.  "[T]he question of standing depends upon whether the party has alleged such a personal stake in the outcome of the controversy * * * as to ensure that the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution." (Internal citations and quotations omitted.) *Ohio Pyro* at ¶ 27.

{¶ 24} The Supreme Court of Ohio has cautioned that "standing is not a technical rule intended to keep aggrieved parties out of court. ' "Rather, it is a practical concept designed to insure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." ' " *Moore* at ¶ 47, quoting *Fort Trumbell Conservancy, L.L.C. v. Alves*, 262 Conn. 480, 486, 815

A.2d 1188 (2003), quoting *Maloney v. Pac.*, 183 Conn. 313, 320, 439 A.2d 349 (1981). With this in mind, we must focus on whether appellant has standing to assert her claims, not whether she will be successful in doing so.

{¶ 25} Appellees argue that *Driscoll v. Austintown Assocs.*, 42 Ohio St.2d 263 (1975), controls on the issue of standing and that appellant does not have standing because she is a "surrounding property owner," who has no legal interest in the outcome of a declaratory judgment action. Appellees also argue that the Supreme Court's recent decision in *Moore* does not apply because the zoning regulations at issue in that case are different from the zoning regulations at issue here. We disagree on both points.

{¶ 26} In *Driscoll*, the Supreme Court stated:

> "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. [R.C. 2721.12.]"
>
> * * *
>
> This court also subscribes to [the] general policy [that, while] the surrounding property owners may have a practical interest in the outcome of a declaratory judgment action attacking the constitutionality of zoning as it applies to a specific parcel of property, * * * they have no legal interest in the outcome. Therefore, they are not necessary parties-defendant to such an action.

*Id.* at 273. We distinguish the question in *Driscoll* from the question before us today. First, *Discroll* involved consideration of R.C. 519.12; whereas, the case before us does not. Second, *Driscoll* addressed whether certain parties were necessary party-defendants to a challenge to the zoning ordinances. In the instant case, appellant is the plaintiff bringing the declaratory judgment action, not a necessary party-defendant who could be affected by the same.[2] We find to be more on point the Supreme Court's recent instruction in *Moore* to the question of whether appellant has standing to bring the declaratory action. The Supreme Court stated that, to succeed in establishing standing, a plaintiff must demonstrate that he has suffered "(1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested

---

[2]We note that the dissent in *Moore* cited *Driscoll* and specifically to the passage therefrom quoted above. Yet, the majority was not persuaded, nor did the majority address *Driscoll*.

relief." *Moore* at ¶ 22, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "These three factors–injury, causation, and redressability–constitute 'the irreducible constitutional minimum of standing.' " *Id.*, quoting *Lujan* at 560. As the Supreme Court in *Moore* reiterated, "standing does not depend on the merits of a plaintiff's contention that particular conduct is illegal or unconstitutional. Rather, standing turns on the nature and source of the claim asserted by the plaintiffs." *Id.* at ¶ 23, citing *Warth v. Seldin*, 422 U.S. 490, 500 (1975).

{¶ 27} As recognized by the Supreme Court in *Moore*, the rights to acquire, use, enjoy, and dispose of property are among the most revered in our nation's law and traditions and are integral to our theory of democracy and notions of liberty. *Id.* at ¶ 37, citing *Norwood v. Horney*, 110 Ohio St.3d 353, 2006-Ohio-3799, ¶ 34. "Zoning ordinances directly affect, and often limit, property owners' rights." *Moore* at ¶ 38. The government's authority to infringe upon a property owner's rights depends upon the police powers for the public welfare. *Id.*, citing *Euclid v. Ambler Realty Co.*, 272 U.S. 365 (1926). Thus, if a zoning ordinance has no substantial relation to public health or safety, a property owner may contest its constitutionality. *Id.*, citing *Goldberg Cos., Inc. v. Richmond Hts. City Council*, 81 Ohio St.3d 207 (1998).

{¶ 28} In *Moore*, the Supreme Court stated that "[w]e will not limit property owners' standing to raise constitutional claims simply because our law prevents them from raising a takings claim or because they face a difficult battle in marshalling sufficient evidence to overcome the presumption that the ordinance is constitutional." *Id.* at ¶ 40. The *Moore* court addressed in particular the redressability requirement of standing. *Moore* involved property owners in Monroe, Ohio. The Moores' property was located adjacent to a parcel of property known as the Martin-Blake property. The Martin-Blake property was located in Middletown, Ohio. Middletown rezoned the Martin-Blake property from low-density residential use to a general industrial use. The Moores filed an action seeking both a declaratory judgment and a writ of mandamus alleging that the rezoning was not for the benefit of the public and was arbitrary, capricious, unreasonable, and unconstitutional violating due process and equal protection clauses. The Moores alleged that the rezoning ignored the serious pollution, substantial impairment of public health and safety, and drastic diminution in value of surrounding low intensity

residentially zoned property, which would be caused by the construction of a coke plant, which could then be pursued with the rezoning.  Middletown filed a motion to dismiss, arguing that the Moores did not have standing because their property was located outside Middletown.

{¶ 29} In *Moore*, the Supreme Court found to be instructive the reasoning of *Creskill v. Dumont*, 15 N.J. 238, 104 A.2d 441 (1954), that a municipality's responsibility for zoning does not end at the municipal boundary lines.  Following *Creskill*, the *Moore* court held that "property owners whose property is *adjacent* to property rezoned by a foreign municipality may use a declaratory-judgment action to challenge the constitutionality of the zoning action."  (Emphasis added.)  *Id.* at ¶ 44.

{¶ 30} In this case, appellant argues that she has standing to bring this action because, although her property is outside of the Village of Harrisburg, her property is adjacent to Taylor's property. In *Moore*, the Supreme Court did not define the term "adjacent."  However, the Supreme Court and other Ohio courts have defined "adjacent" in other property law contexts.

{¶ 31}  In *Dixon v. Van Sweringen Co.*, 121 Ohio St. 56 (1929),[3] the Supreme Court defined "adjacent" as: "Ordinarily, it means 'to lie near, close, or contiguous.' Webster. Even in its strictest sense it means no more than lying near, close or contiguous, but not actually touching.' " *Id.* at 68, quoting *Hoopes v. City of Omaha*, 99 Neb. 460, 156 N.W. 1047, 1048.

{¶ 32} Similarly, the Fifth District Court of Appeals recognized definitions of "adjacent" by Ohio courts as follows:  "lying near, to lie near, close, or contiguous.  It is a relative term, and its meaning must be determined in connection with the manner in which it is used." (Citations omitted.)  *Loichot v. Allstate Dev. Corp.*, 33 Ohio App.2d 121, 125 (5th Dist.1963).[4]

---

[3] In *Dixon*, one of the issues was whether an adjacent property owner could change or cancel the restrictive covenants in property deeds.

[4] In *Loichot*, the court examined whether plaintiff was a proper party to the action as an "adjacent or neighboring property owner" pursuant to R.C. 519.24 and Article 18 of the Plain Township Zoning Resolution.  R.C. 519.24 states:

> In case any building is or is proposed to be located, erected, constructed, reconstructed, enlarged, changed, maintained, or used or any land is or is proposed to be used in violation of sections 519.01 to 519.99, inclusive, of the Revised Code, or of any regulation or provision adopted by any board of township trustees under such sections, such board, the prosecuting

{¶ 33} The Ninth District Court of Appeals used Black's Law Dictionary to define "adjacent" as: " 'Lying near or close to; sometimes contiguous; neighboring. *Adjacent* implies that the two objects are not widely separated, though they may not actually touch, * * * while *adjoining* imports that they are so joined or united to each other that no third object intervenes.' " (Emphasis sic.) *Structural Sales Corp. v. City Council of Village of Boston Hts., Ohio*, 9th Dist. No. 19020 (Jan. 13, 1999),[5] quoting Black's Law Dictionary, 41 (1990). " 'Adjacent' means 'near or in close proximity' and does not require that the residential zoned property actually be contiguous or touching, but would include property that is contiguous or touching. The term 'adjacent' when modified by the term 'immediately' means contiguous or touching." *Id.*

{¶ 34} In a case involving the jurisdiction of a park ranger, the Eighth District Court of Appeals also used Black's Law Dictionary to define "adjacent" as "lying near or close to." *Cleveland Metro. Park Dist. v. Sandler*, 72 Ohio App.3d 617, 618 (8th Dist.1991),[6] citing *State v. Wilson*, 3d Dist. No. 5-89-22 (Aug. 21, 1990), citing Black's Law Dictionary. *See also West v. Hall*, 23 Ohio C.C. (N.S.) 575 (1912) (" 'adjacent' has a broader meaning than 'adjoining' and that things may be said to be adjacent, even if something intervenes between them."); *Village of Mt. Healthy v. Harlow*, 11 Ohio Supp. 64 (1943) (following *Dixon*, 121 Ohio St. at 68, where court defined "adjacent" as " '[o]rdinarily, it means 'to lie near, close or contiguous.' Webster."

{¶ 35} Consistent with this case law, we adopt the definition of "adjacent" set forth in Black's Law Dictionary, as follows: "Lying near or close to, but not necessarily

---

attorney of the county, the township zoning inspector, or any *adjacent* or neighboring property owner who would be especially damaged by such violation, in addition to other remedies provided by law, may institute injunction, mandamus, abatement, or any other appropriate action or proceeding to prevent, enjoin, abate, or remove such unlawful location, erection, construction, reconstruction, enlargement, change, maintenance, or use. The board of township trustees may employ special counsel to represent it in any proceeding or to prosecute any actions brought under this section.

(Emphasis added.)

[5] *Structural Sales* involved an appeal from the common pleas court, which affirmed the denial of a special-use zoning permit and whether the ingress and egress at issue would be "adjacent" to a residential district, as used in Section 1161.01 of the Village of Boston Heights codified ordinances.

[6] In *Cleveland Metro. Park*, the court determined the authority of the park ranger to issue violations pursuant to R.C. 1545.13, which grants designated employees of a park commission, "all the powers of police officers within and adjacent to the lands under the jurisdiction and control of such board." *Id.* at 618. Appellant crossed double yellow lines approximately 1,500 to 2,000 feet from the Cleveland Metroparks.

touching." (Black's Law Dictionary 10th Ed.2014.) Applying this definition to the evidence presented, we find appellant owns property adjacent to the municipality and that, therefore, per *Moore*, she may have standing to bring a declaratory judgment action to challenge the constitutionality of the Village of Harrisburg zoning ordinances and amendments. We find that the trial court erred in granting the motions for summary judgment in favor of appellees on the grounds that appellant did not establish the redressability element of standing. Therefore, we sustain appellant's first through fourth assignments of error to the extent they address her declaratory judgment claims.

{¶ 36} Our finding on the element of redressability, however, does not end the inquiry on standing. In *Moore*, the Supreme Court cautioned, "[c]ourts have the duty to ensure that plaintiffs plead these elements for purposes of declaratory-judgment actions and that the complaint sufficiently avers injury, causation, and redressability." *Moore* at ¶ 49. As stated above, for appellant to succeed in establishing standing, she must demonstrate that she has suffered "(1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief." *Id.* at ¶ 22, citing *Lujan* at 561. Although we have found that appellant has established the third element of standing, redressability, appellees argue that appellant has not established the first element of standing, as she has not alleged an injury sufficient for standing.

{¶ 37} As stated previously, the trial court converted appellees' motions to dismiss to motions for summary judgment but narrowed the issue to whether "the property owned by Plaintiff is adjacent to or across the street from the rezoned property in the Village of Harrisburg at issue in this case. Specifically, the issue is whether there is a swath of land between the rezoned property and Route 62, across the street from the land owned by Plaintiff." (Notice of Conversion of Motions, June 9, 2014.) Because the conversion to motions for summary judgment was specific to the issue of redressability, it is necessary for the court to consider the additional standing elements of injury and causation, pursuant to the standard of review applicable to motions to dismiss.[7]

---

[7] "A trial court may not * * * sua sponte convert a Civ.R. 12(B)(6) motion to dismiss into a motion for summary judgment and dispose of it without giving notice to the parties of its intent to do so." *Eichenberger v. Woodlands Assisted Living Residence, LLC*, 10th Dist. No. 12AP-987, 2013-Ohio-4057, ¶ 19, citing *Powell v. Vorys, Sater, Seymour & Pease*, 131 Ohio App.3d 681, 684 (10th Dist.1998). Failure to

{¶ 38} "A motion to dismiss for lack of standing is properly brought pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted." *Beard v. N.Y. Life Ins.*, 10th Dist. No. 12AP-977, 2013-Ohio-3709, ¶ 7, citing *Brown v. Columbus City Schools. Bd. of Edn.*, 10th Dist. No. 08AP-1067, 2009-Ohio-3230, ¶ 4. When presented with a motion to dismiss for failure to state a claim for which relief can be granted, pursuant to Civ. R. 12(B)(6), a trial court must presume that all factual allegations in the complaint are true, construe the complaint in a light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). In order to dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recover. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 39} Appellees contend that appellant did not allege any injuries sufficient to provide her standing. "An individual plaintiff has standing to sue only if he or she has a sufficient stake in the outcome of a justiciable controversy. * * * To meet that test, a plaintiff must show that he or she has suffered or will suffer a specific injury as a result of the challenged action, and that the court can redress such injury." (Citations omitted.) *Town Ctrs. Ltd. Partnership v. Ohio State Attorney General*, 10th Dist. No. 99AP-689 (Apr. 4, 2000). "The standing doctrine requires that a litigant have 'such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult * * * questions.' " *Williams v. Ohio State Attorney General*, 10th Dist. No. 97APE08-980 (Apr. 30, 1998), quoting *Baker v. Carr*, 369 U.S. 186, 205 (1962). Thus, a "[p]laintiff must show some injury to himself caused by the defendant, such injury having a remedy in law or equity." *Williams*.

{¶ 40} In addition to community and general damages appellant asserts in her complaint, she alleges several damages that are specific to her and her property,

---

notify the parties that the court is converting a Civ.R. 12(B)(6) motion to dismiss into one for summary judgment is, in itself, reversible error. *Id.*, citing *Charles v. Conrad*, 10th Dist. No. 05AP-410, 2005-Ohio-6106, ¶ 30. Because the court narrowed the issue solely to redressability, the court did not give notice to appellant of its intent to convert the motion to dismiss to a motion for summary judgment regarding the elements of injury and/or causation.

including: (1) appellant alleged that "the TAYLOR property at 8087 Harrisburg Pike has been designated by the Ohio Department of Natural Resources has (sic) having a groundwater pollution potential index rating of 175. A rating of 175 falls within the second highest level of the scale. The higher the rating, the greater the pollution potential" and "[p]laintiff's water is supplied by ground water via a well" and "stormwater flows from the area west of Harrisburg Pike," but "[p]laintiff's property is located on the east side of Harrisburg Pike" (Complaint ¶ 26-27; 29); (2) the rezoning "will have a negative impact on the Plaintiff's home of 35 years due to * * * increased stormwater runoff, decline in enjoyment of home, a diminution in value of residentially zoned property and an especially increased potential for contamination of Plaintiff's drinking water" (Complaint, ¶ 55-56); and (3) the "[a]ctions of defendants have caused Plaintiff great undue and unnecessary mental anguish and a tremendous interference with her enjoyment of life and property rights." (Complaint, ¶ 93.)

{¶ 41} In its ruling, the trial court did not indicate that it had considered the elements of injury and/or causation pursuant to the Civ.R. 12(B)(6) motion to dismiss standard. We decline to address for the first time issues not previously addressed by the trial court.

{¶ 42} With this in mind, we remand this matter to the trial court to consider, pursuant to the Civ.R. 12(B)(6) standard, whether appellant has established standing by sufficiently pleading the elements of injury and causation.

{¶ 43} Accordingly, we overrule in part and sustain in part appellant's first, second, third, and fourth assignments of error.

{¶ 44} Having overruled in part and sustained in part appellant's first through fourth assignments of error, we find appellants' fifth through tenth assignments of error to be moot and, therefore, will not address the same.

## V. Conclusion

{¶ 45} For the foregoing reasons, appellant's first, second, third, and fourth assignments of error are overruled in part and sustained in part, and her fifth, sixth, seventh, eighth, ninth, and tenth assignments of error are rendered moot. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part,

and this cause is remanded to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment affirmed in part, reversed in part, and cause remanded.*

SADLER, J., concurs.
BRUNNER, J., concurs separately.

BRUNNER, J., concurring separately.

{¶ 46} I concur with the opinion of the majority but wish to emphasize that, before we can examine even the question of standing with respect to declaratory judgment, or whether the party seeking declaratory judgment has demonstrated the three elements the majority cites in ¶ 21 as set forth in *Fairview Gen. Hosp. v. Fletcher,* 63 Ohio St.3d 146, 149 (1992), citing *Herrick v. Kosydar,* 44 Ohio St.2d 128, 130 (1975); *Buckeye Quality Care Ctrs., Inc. v. Fletcher,* 48 Ohio App.3d 150, 154 (10th Dist.1988), we must recognize that naming all affected parties is a matter of jurisdiction before both the trial court and this court.

{¶ 47} While there is no argument that appellant, a resident of the Village of Harrisburg, did not name and serve all necessary parties, our statement of what must be demonstrated to obtain declaratory judgment in ¶ 21 of the majority's opinion should include the jurisdictional requirement that "all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding" as is set forth in R.C. 2721.12(A). I believe this is important to include in our description of what is necessary to obtain declaratory judgment, lest we convey that such a statutory remedy is solely obtainable on issues relating to merits and not based on jurisdictional threshold requirements as well.

{¶ 48} Therefore, I would add at ¶ 21, that the elements of declaratory judgment are subject to jurisdictional requirements that all affected parties be named in the complaint, as is required by R.C. 2721.12, and *Spencer v. Freight Handlers, Inc.,* 131 Ohio St.3d 316, 2012-Ohio-880, ¶ 19 ("We have recognized that naming proper parties and fulfilling service requirements are jurisdictional requirements in cases that involve statutes that clearly require such for jurisdiction."). Case law interpreting R.C. 2721.12 specifically provides that "[t]he Supreme Court of Ohio has interpreted R.C. 2721.12 as mandating that the absence of a necessary party constitutes a jurisdictional defect which

precludes a court of common pleas from properly rendering a declaratory judgment. *Plumbers & Steamfitters Local Union 83 v. Union Local School Dist. Bd. of Edn.* (1999), 86 Ohio St.3d 318, 321 * * *. [Because] the statute is jurisdictional in nature, the defense of failure to join a necessary party in a declaratory judgment action may not be waived." *Nicholas v. State Farm Ins.,* 11th Dist. No. 99-T-0030 (June 9, 2000), citing *Gannon v. Perk*, 46 Ohio St.2d 301, 310 (1976).  Upon a plain review of the complaint, I see no jurisdictional defects, but I believe it is incumbent on us to note, when setting forth the elements of declaratory judgment, the jurisdictional requirements. Any court before which declaratory judgment is brought in the first instance or reviewed upon appeal should be cognizant of this requirement before it delves into the merits of claims or even of procedural matters such as standing.  Moreover, before litigants enter the quagmire of what can often be protracted declaratory judgment litigation, they should be wary of this requirement.  There is no need to avoid it in our discussion, and accordingly, I would include it, just as we would examine whether an appeal before us is a final appealable order, which also is jurisdictional.

{¶ 49} Further, in ¶ 19, the majority states concerning statutes governing declaratory judgment that, "R.C. 2721.02(A) is read in conjunction with R.C. 2721.03" (thereafter followed by inclusion of a quote from R.C. 2721.03). I would clarify that R.C. 2721.03, as well as 2721.02(A), are dependent on and must be read in conjunction with the language in R.C. 2721.02(B), and not one upon another, since each is "[s]ubject to division (B)" of section 2721.02 of the Revised Code.  I would do this for the sake of clarity and not to create a new legal inference that these two divisions and sections must be read in conjunction with one another as a matter of practice.

{¶ 50} In ¶ 12, I respectfully posit that there is no need to address in the footnote the applicability of an action in mandamus to claims for an unconstitutional taking of property, even in the negative. I would eliminate this reference to avoid creating any inference about the court's proclivity as to whether such a claim can be brought in mandamus, especially since appellant specifically disavowed that she was making this claim.

{¶ 51} Finally, in ¶ 37, the procedural threshold requirement that a trial court that converts a Civ.R. 12(B)(6) motion to dismiss to a motion for summary judgment

must provide notice to the parties that it is doing so, is an incredibly important issue relating to due process guaranteed to parties in litigation. Even though the court narrowed the issues on summary judgment, it was still required to provide notice that it was even considering the parties' issues on dismissal in the context of summary judgment. I would address this more squarely before approaching the merits of the trial court's findings or the parties' substantive arguments. In the interest of promoting a fair decision by the trial court, this issue of notice should receive more than a footnote reference and be squarely the foundational issue upon which other, substantive issues depend on remand.

{¶ 52} For these reasons I respectfully concur in judgment with the majority but would exercise caution in the approach taken on instructions for remand and for future litigants who would avail themselves of the law in this decision.

———————————————