ARNOTT ET AL., APPELLANTS, *v.* ARNOTT ET AL., APPELLEES.

[Cite as *Arnott v. Arnott,* 132 Ohio St.3d 401, 2012-Ohio-3208.]

*Declaratory judgments—Standard of review.*

(No. 2010-2180—Submitted October 5, 2011—Decided July 18, 2012.)

CERTIFIED by the Court of Appeals for Highland County,

No. 09CA25, 190 Ohio App.3d 493, 2010-Ohio-5392.

———————————

PFEIFER, J.

{¶ 1} In this certified-conflict case, we hold that an appellate court reviewing a declaratory-judgment matter should apply an abuse-of-discretion standard in regard to the trial court's holding concerning the appropriateness of the case for declaratory judgment, i.e., the matter's justiciability, and should apply a de novo standard of review in regard to the trial court's determination of legal issues in the case.

Factual and Procedural Background

{¶ 2} This matter arises out of a controversy over a phrase in a trust; the language at issue established the calculation of the price of trust property offered for sale to certain trust beneficiaries. The Joseph Scott Arnott Revocable Living Trust gave James Arnott, the trust's successor trustee, and his brother, Kenneth, the option to purchase specified parcels of farmland owned by the trust "at a price equal to the appraised value of said property as affixed for federal and/or state estate tax purposes." That price-determining phrase caused disagreement: Kenneth and certain other beneficiaries ("Kenneth") argued that pursuant to the trust language, the option price is the fair market value as determined by an appraiser, whereas James and certain other beneficiaries ("James") contended that

the trust set the option price as the appraiser's value less the estate-tax deduction allowed for farmland in either the federal or state tax code.

{¶ 3} Kenneth filed a complaint for declaratory judgment in the Highland County Probate Court, seeking judicial interpretation of the provision at issue. The trial court held that the matter was appropriate for disposition through a declaratory-judgment action and concluded that the disputed phrase was unambiguous—the option price was simply the fair market value as determined by the appraisal.

{¶ 4} James appealed. He argued that there was insufficient evidence of a justiciable controversy to permit the declaratory-judgment action to go forward and that even if declaratory judgment was proper, the trial court had improperly interpreted the contested language of the trust.

{¶ 5} The court of appeals employed an abuse-of-discretion standard on the first issue James raised, whether there were grounds for proceeding on a declaratory-judgment action. Finding that the court had not abused its discretion in proceeding on the action, the appellate court moved on to the issue of whether the trial court had erred in finding that the trust language—"the appraised value * * * affixed for federal and/or state estate tax purposes"—is equivalent to "fair market value." In addressing this assignment of error, the court employed a de novo standard of review. The court wrote, "A trial court's determination of purely legal issues is never one of degree or discretion. Regardless of whether the action is styled as one for declaratory relief, the trial court must correctly apply the law." *In re Arnott*, 190 Ohio App.3d 493, 2010-Ohio-5392, 942 N.E.2d 1124, ¶ 42 (4th Dist.).

{¶ 6} Reviewing the trust document de novo, the court reversed. It found that the option language was "susceptible of more than one reasonable interpretation" and, "guided by the rule that [the court] should review the Trust as a whole to determine the settlor's intent," the court ultimately determined that

"the settlor intended the option price to be the value established for federal and/or state estate-tax purposes, in this case, the federal and/or Ohio qualified-use value." *Id.* at ¶ 4.

**{¶ 7}** Kenneth moved the court of appeals to certify a conflict, arguing that the court had applied the wrong standard of review in determining the case, a standard in conflict with a holding from the Twelfth District Court of Appeals in *Maxwell v. Fry,* 12th Dist. No. CA2007-11-284, 2009-Ohio-1650, 2009 WL 903828. Kenneth argued that instead of applying a de novo review to the trial court's interpretation of the trust language at issue in the case, the court should have applied an abuse-of-discretion standard of review to all the issues under review. In *Maxwell*, a declaratory-judgment matter, the parties had disputed the appellate court's proper standard of review in regard to the trial court's determination of legal issues concerning whether the parties were tenants in common. The appellate court in *Maxwell* held that this court's decision in *Mid-American Fire & Cas. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, had "definitively settled" the standard-of-review question regarding declaratory-judgment actions and that such actions are to be reviewed under the abuse-of-discretion standard. *Maxwell*, ¶ 16.

**{¶ 8}** The court below certified to this court that a conflict existed between its decision and *Maxwell*. Upon our review of that order, this court determined that a conflict exists and ordered the parties to brief the following issue:

> What is the proper standard for appellate review of purely legal issues that must be resolved after the trial court has decided a complaint for declaratory judgment presents a justiciable question under Revised Code Chapter 2721, i.e., must an appellate court

afford deference to a trial court's interpretation or application of the law?

128 Ohio St.3d 1410, 2011-Ohio-828, 942 N.E.2d 383.

Law and Analysis

{¶ 9} We face a very narrow legal issue in this case. In this appeal, Kenneth does not appeal the appellate court's interpretation of the trust language. Instead, he asserts that the court of appeals employed the wrong standard of review in addressing that issue. The only question before us today is what standard of review an appellate court should employ in reviewing legal issues in a declaratory-judgment action. This case gives this court the opportunity to clarify the holding in *Mid-American*.

{¶ 10} In *Mid-American*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, paragraph two of the syllabus, this court held, "Dismissal of a declaratory judgment action is reviewed under an abuse-of-discretion standard." *Mid-American* involved a declaratory-judgment action that the trial court had dismissed pursuant to a motion brought pursuant to Civ.R. 12(B)(6); the only issue the court addressed in *Mid-American* was whether the cause satisfied a threshold requirement of a declaratory judgment, justiciability. As this court held in *Mid-American*, not every case is appropriate for a declaratory-judgment action brought pursuant to R.C. Chapter 2721:

> Although broad in scope, the declaratory judgment statutes are not without limitation. Most significantly, in keeping with the long-standing tradition that a court does not render advisory opinions, they allow the filing of a declaratory judgment only to decide "an actual controversy, the resolution of which will confer certain rights or status upon the litigants." *Corron v. Corron*

(1988), 40 Ohio St.3d 75, 79, 531 N.E.2d 708. Not every conceivable controversy is an actual one. As the First District aptly noted, in order for a justiciable question to exist, " '[t]he danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events * * * and the threat to his position must be actual and genuine and not merely possible or remote.' " *League for Preservation of Civil Rights v. Cincinnati* (1940), 64 Ohio App. 195, 197, 17 O.O. 424, 28 N.E.2d 660, quoting Borchard, Declaratory Judgments (1934) 40.

*Mid-American*, ¶ 9.

{¶ 11} After the trial court had granted the defendant's motion to dismiss in *Mid-American*—finding that no justiciable controversy existed between the parties—the appellate court applied an abuse-of-discretion standard of review in affirming the trial court's decision. This court affirmed the court of appeals, holding that it had employed the proper standard of review:

This court has previously addressed the question of the appropriate standard of review for a declaratory judgment action. We have held that "[t]he granting or denying of declaratory relief is a matter for judicial discretion, and where a court determines that a controversy is so contingent that declaratory relief does not lie, this court will not reverse unless the lower court's determination is clearly unreasonable." *Bilyeu* [*v. Motorists Mut. Ins. Co.,* 36 Ohio St.2d 35, 65 O.O.2d 179, 303 N.E.2d 871 (1973)], syllabus. Relying on our decision in that case, courts throughout Ohio have adopted an abuse-of-discretion standard for reviewing declaratory judgment actions.

*Mid-American*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 12.

{¶ 12} The party that brought the declaratory-judgment action in *Mid-American* had asked this court to overrule its decision in *Bilyeu*, which had set the standard of review in regard to dismissals due to lack of justiciability. This court refused to do so and, in summing up, stated, perhaps overbroadly, "We therefore reaffirm that declaratory judgment actions are to be reviewed under an abuse-of-discretion standard." *Mid-American*, ¶ 14.

{¶ 13} But again, the procedural posture of *Mid-American*, its syllabus language, and its reliance on *Bilyeu* make clear that the abuse-of-discretion standard applies to dismissals of declaratory-judgment actions as not justiciable; the case does not suggest that legal issues in a declaratory-judgment action should be reviewed by an abuse-of-discretion standard. Still, some courts have interpreted *Mid-American* as establishing an abuse-of-discretion standard to all aspects of a declaratory-judgment action. *E.g.*, *Maxwell*; *Dawson Ins., Inc. v. Freund*, 8th Dist. No. 94660, 2011-Ohio-1552, 2011 WL 1167487. Today, we reiterate that the abuse-of-discretion standard applies to the review of a trial court's holding regarding justiciability; once a trial court determines that a matter is appropriate for declaratory judgment, its holdings regarding questions of law are reviewed on a de novo basis.

{¶ 14} The determination of the meaning of the disputed language of the trust at the heart of this case is a question of law. "A court's purpose in interpreting a trust is to effectuate, within the legal parameters established by a court or by statute, the settlor's intent." *Domo v. McCarthy*, 66 Ohio St.3d 312, 612 N.E.2d 706 (1993), paragraph one of the syllabus. Interpreting a trust is akin to interpreting a contract; as with trusts, the role of courts in interpreting contracts is "to ascertain and give effect to the intent of the parties." *Saunders v. Mortensen*, 101 Ohio St.3d 86, 2004-Ohio-24, 801 N.E.2d 452, ¶ 9. This court

has held that "[t]he construction of a written contract is a matter of law that we review de novo." *Id.* The same is true of the construction of a written trust; in both *In re Trust of Brooke*, 82 Ohio St.3d 553, 697 N.E.2d 191 (1998), and *Natl. City Bank v. Beyer*, 89 Ohio St.3d 152, 729 N.E.2d 711 (2000), this court applied a de novo standard of review in interpreting trust language in appeals of declaratory judgments.

{¶ 15} The fact that the construction of a trust is raised in a declaratory-judgment action does not change the standard by which an appellate court reviews the case; a court always reviews the issue de novo. Declaratory judgments do not enjoy a special insulation from reviewing courts on questions of law. *Mid-American* did not hold otherwise.

{¶ 16} This court has reviewed multitudinous declaratory-judgment actions that have involved questions of law, from the notable to the notorious. *E.g., Savoie v. Grange Mut. Ins. Co.*, 67 Ohio St.3d 500, 620 N.E.2d 809 (1993); *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256. Never have we deferred to the judgment of the trial court on issues of law.

## Conclusion

{¶ 17} Our response to the question upon which this court ordered briefing is that the de novo standard of review is the proper standard for appellate review of purely legal issues that must be resolved after the trial court has decided that a complaint for declaratory judgment presents a justiciable question under R.C. Chapter 2721.

{¶ 18} Accordingly, we affirm the judgment of the Fourth District Court of Appeals.

Judgment affirmed.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

SUPREME COURT OF OHIO

Judkins & Hayes, L.L.C., Robert J. Judkins, and John W. Judkins, for appellants.

Shannon M. Treynor, for appellees.

_____