[Cite as *Ashtabula Cty. Technical & Career Ctr. v. Thompson*, 2017-Ohio-618.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| ASHTABULA COUNTY TECHNICAL AND CAREER CENTER, | : | **O P I N I O N** |
| | : | |
| | | **CASE NO. 2016-A-0035** |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| DENISE THOMPSON, TRUSTEE, LUCILLE M. ROMANSKY TRUST, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2015 CV 0369.

Judgment: Affirmed.

*Alexandria R. Heinonen* and *Kyle B. Smith*, Smith and Miller, 36 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Gino Pulito* and *Christopher J. Caffarel*, Pulito & Associates, 230 Third Street, Suite 200, Elyria, OH 44035 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Denise Thompson, Trustee, Lucille M. Romansky Trust, appeals from the June 15, 2016 judgment of the Ashtabula County Court of Common Pleas, granting appellee's, Ashtabula County Technical and Career Center, motion for

summary judgment. This case involves the interpretation of language in a Trust document and the extent of a trustee's authority to manage and distribute Trust property. On appeal, appellant asserts the trial court erred in granting appellee's motion for summary judgment. Finding no error, we affirm.

{¶2} Ms. Romansky was an Ashtabula County resident who passed away in January 2012. Appellant is the niece of the late Ms. Romansky. Appellee is a joint vocational school for high school students located in Jefferson, Ashtabula County, Ohio.

{¶3} This matter concerns the ownership of oil and gas rights for a 190 acre farm property located at 9034 State Route 45, Orwell, Ohio 44076, PPN: 38-023-00-015-00. In 1978, Ms. Romansky obtained title to the farm property. In 1984, Ms. Romansky entered into an oil and gas lease with Gasearch, Inc. on the parcel. Ms. Romansky always remained the sole lessor of the lease.

{¶4} In 2005, Ms. Romansky created the Lucille M. Romansky Trust. Ms. Romansky was named the sole trustor and trustee of the Trust. According to Article IV of the Trust, "Dispositive Provisions After Death Of Trustor," the trustee was required to distribute certain gifts of Trust property after the death of the trustor. Specifically, Article IV, Section (D)(1) of the Trust states:

{¶5} "If the Trustor still owns the property located at 9034 STATE ROUTE 45 S., ORWELL, OHIO 44076 (APPROX 190 ACRE FARM) at the time of her death, this property shall be distributed to the ASHTABULA COUNTY JOINT VOCATIONAL SCHOOL, located on Route 167 in Jefferson, Ohio. This land shall not be divided, sold, or given to any third party. If at any time the ASHTABULA COUNTY JOINT VOCATIONAL SCHOOL is unable to make the farm productive or if the school

2

becomes inoperative then the farm can be sold for public use, except for commercial or housing development."

{¶6} In 2007, Ms. Romansky executed a quit claim deed transferring her entire interest in the farm property to the Trust. The quit claim deed makes no reference to the oil and gas lease. The quit claim deed had "the force and effect of a deed in fee simple to the grantee, the grantee's heirs, assigns, and successors, and to the grantee's and the grantee's heirs', assigns', and successors' own use, but without covenants of any kind on the part of the grantor." R.C. 5302.11. Thus, Ms. Romansky's interest in the oil and gas lease was also transferred to the Trust by the quit claim deed. About five years later, Ms. Romansky died and appellant was appointed as the successor trustee of the Trust.

{¶7} In February 2015, appellant provided appellee with a "Deed of Trustee" purporting to convey the farm property from the Trust to appellee. However, appellee did not record the proposed deed because it contained improper reservations and restrictions never contemplated by the Trust. Specifically, appellant inserted certain language in the proposed deed which retained from conveyance to appellee "all mineral rights, gas rights and rights to oil, which shall be retained by the Grantor." Appellant also inserted language that "[t]he restrictions contained in this deed shall run with the property * * * and shall be enforceable by the Grantor, the current trustee and all successor trustees, and current and future beneficiaries of The Lucille M. Romansky Trust." The foregoing language was not part of the Trust.

3

{¶8} Because the provisions contained in appellant's proposed deed were contrary to the language in the Trust, appellee demanded that appellant remove the improper language and provide a deed which transfers the farm property to appellee outright. Appellee also provided appellant with a proposed "Deed of Trustee" which included language in the Trust that "[t]his land shall not be divided, sold, or given to any third party. If at any time the ASHTABULA COUNTY JOINT VOCATIONAL SCHOOL is unable to make the farm productive or if the school becomes inoperative then the farm can be sold for public use, except for commercial or housing development." Appellant refused to execute appellee's proposed deed.

{¶9} On June 30, 2015, appellee filed a complaint for declaratory action against appellant. The complaint demanded an order declaring that the farm property be transferred to appellee without any reservations or restrictions pertaining to oil and gas rights. Appellant filed an answer to the complaint. The parties were referred to mediation. However, they failed to reach a resolution.

{¶10} On March 7, 2016, appellee filed a motion for summary judgment pursuant to Civ.R. 56. Appellant filed a response on April 4, 2016. Appellee filed a reply on April 15, 2016.

{¶11} On June 15, 2016, the trial court granted appellee's motion for summary judgment. Appellant filed a timely appeal and asserts the following assignment of error:

{¶12} "The trial court erred by granting Plaintiff-Appellee's Motion for Summary Judgment pursuant to Ohio Civ.R. 56."

4

{¶13} "Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66 * * * (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See e.g.* Civ.R. 56(C).

{¶14} "When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121 * * * (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 * * * (1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 * * * (1986). On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 * * * (1996)." (Parallel citations omitted.) *Meloy v. Circle K Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶5-6.

{¶15} "'A court's purpose in interpreting a trust is to effectuate, within the legal parameters established by a court or by statute, the settlor's intent.' *Domo v. McCarthy,*

5

66 Ohio St.3d 312 * * * (1993), paragraph one of the syllabus. Interpreting a trust is akin to interpreting a contract; as with trusts, the role of courts in interpreting contracts is 'to ascertain and give effect to the intent of the parties.' *Saunders v. Mortensen,* 101 Ohio St.3d 86, 2004-Ohio-24, * * * ¶9." (Parallel citations omitted.) *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, ¶14.

{¶16} Appellant argues that she has the right to retain the oil and gas rights to the farm property and that nothing in the Trust requires that she transfer the property in fee simple to appellee.[1] In support of her position, appellant relies on Article VI, "Trustee's Powers," Sections A and B of the Trust, which provides in part:

{¶17} "A Trustee has the power and authority to manage and control, buy, sell, and transfer the trust property, in such manner as the Trustee may deem advisable and shall have, enjoy and exercise all powers and rights over and concerning said property and the proceeds thereof as fully and amply as though said Trustee were the absolute and qualified owner of the same. * * *

{¶18} "A. Power to Retain Trust Property and Comply with Existing Agreements. * * * In the event the Trustor shall be a party to * * * any agreement providing for the disposition of Trustor's interest in property, whether such agreement has been executed by Trustor individually or as Trustee of this Trust Agreement, and which property is owned by the trust, then upon the death of Trustor, the then acting Trustee of this trust is hereby directed to transfer as much of Trustor's interest in such property then held in the trust as is necessary to carry out the provisions of any such agreement and to

---

1. "Fee simple" is defined as: "[a]n interest in land that, being the broadest property interest allowed by law, endures until the current holder dies without heirs[.]" Black's Law Dictionary (10th Ed.2014).

6

execute all documents and take all further actions necessary or appropriate to carry out the terms of such agreement.

{¶19} "B. Power to Manage Trust Property.  To manage, control, improve, maintain, sell, convey, exchange, partition, divide, improve and repair all real and personal trust property * * * to lease for terms within or extending beyond the duration of the trust, for any purpose, including exploration for and removal of oil, gas and other minerals; to enter into oil, gas and mineral leases, assignments, farmouts, farmins and joint ventures; to purchase and sell gas, oil and mineral royalties, to create restrictions, easements, and other servitudes; * * *."

{¶20} Upon review of the entire Trust, including the foregoing sections relied on by appellant, there is no provision which authorizes appellant to retain the property at issue instead of distributing it upon the Trustor's death as instructed.  The Trust provisions cited by appellant only speak to her general powers as trustee to manage the Trust property.  The provisions do not authorize appellant to change any Trust terms. The trial court correctly indicated that Article II, Section A of the Trust expressly states that "[a]fter the death of the Trustor, this trust may not be altered, amended, or revoked."

{¶21} The section of the Trust relevant to this matter is Article IV, Section (D)(1), which, as stated, provides:

{¶22} "If the Trustor still owns the property located at 9034 STATE ROUTE 45 S., ORWELL, OHIO 44076 (APPROX 190 ACRE FARM) at the time of her death, this property shall be distributed to the ASHTABULA COUNTY JOINT VOCATIONAL SCHOOL, located on Route 167 in Jefferson, Ohio.  This land shall not be divided, sold,

7

or given to any third party. If at any time the ASHTABULA COUNTY JOINT VOCATIONAL SCHOOL is unable to make the farm productive or if the school becomes inoperative then the farm can be sold for public use, except for commercial or housing development."

{¶23} The language of the Trust is not ambiguous. Rather, the Trust clearly states that the farm property shall be distributed to appellee. The Trust makes no express reservation regarding oil and gas rights.

{¶24} Article IV, Section (D)(1) clearly instructs appellant, as the trustee, to distribute the farm property to appellee upon Ms. Romansky's death. The Section makes no mention or exception regarding the farm property's oil and gas rights. The Section also makes no mention or exception regarding the oil and gas lease Ms. Romansky entered into in 1984. The Section clearly reveals Ms. Romansky's intent to transfer all interest in the farm property to appellee which would necessarily include interest in the oil and gas rights and lease. There is no basis to conclude that Ms. Romansky did not want appellee to receive the oil and gas rights along with the farm property. Appellant's general powers, as the trustee, do not grant her the authority to not follow the express provisions of the distributive gifts enumerated in Article IV, Section (D)(1).

{¶25} Appellant asserts that she has the power to manage Trust property and enter into oil and gas leases on the farm property pursuant to Article VI, Section B, to benefit other beneficiaries. Her assertion is without merit. The farm property is no longer Trust property as it lost that characteristic under the terms of the Trust upon Ms. Romansky's death. Also, appellant does not have the authority to control or manage

8

the farm property in the future and the Trust requires her to convey title to appellee without any additional restrictions. *See* Article IV, Section (D)(1) (if the farm property can no longer be used for farming or if the school becomes inoperative, the property "can be sold for public use, except for commercial or housing development.")

{¶26} The terms of the Trust do not reflect any intent upon Ms. Romansky that the gift to appellee was not meant to be absolute or that appellant has a right to control appellee's use of the farm property indefinitely. Because there is no express reservation of oil and gas rights in the Trust, those rights transfer with the property upon conveyance to the grantee. *See generally* R.C. 5302.04 ("In a conveyance of real estate or any interest therein, all rights, easements, privileges, and appurtenances belonging to the granted estate shall be included in the conveyance, unless the contrary is stated in the deed, and it is unnecessary to enumerate or mention them either generally or specifically.")

{¶27} Appellant's proposed deed includes restrictions which "shall be enforceable by the Grantor, the current trustee and all successor trustees, and current and future beneficiaries of The Lucille M. Romansky Trust." That proposed language, however, was not part of the Trust and violates the rule against perpetuities. *See* R.C. 2131.08(A) ("no interest in real or personal property shall be good unless it must vest, if at all, not later than twenty-one years after a life or lives in being at the creation of the interest.")

{¶28} Upon consideration, the trial court did not err in granting appellee's motion for summary judgment.

9

{¶29} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Ashtabula County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.