[Cite as *Voyage Capital Properties, L.L.C. v. Voyage Capital Properties III, L.L.C.*, 2024-Ohio-890.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

VOYAGE CAPITAL PROPERTIES, LLC,

Plaintiff-Appellant,

- vs -

VOYAGE CAPITAL
PROPERTIES III, LLC, et al.,

Defendants-Appellees.

**CASE NO. 2023-L-094**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2022 CV 001544

# **O P I N I O N**

Decided: March 11, 2024
Judgment: Affirmed

*Jeffrey S. Moeller*, Seeley, Savidge, Ebert & Gourash Co., LPA, 26600 Detroit Road, Suite 300, Westlake, OH 44145 (For Plaintiff-Appellant).

*Julie A. Crocker* and *Latessa F. Gray,* Taft Stettinius & Hollister, LLP, 200 Public Square, Suite 3500, Cleveland, OH 44114 (For Defendants-Appellees).

JOHN J. EKLUND, J.

{¶1} Appellant, Voyage Capital Properties, LLC ("VCP I"), appeals the trial court's granting Appellees', Voyage Capital Properties III, LLC ("VCP III") and Sean Stapulionis, motion for summary judgment. For the following reasons, we affirm the judgment of the Lake County Court of Common Pleas.

## **Substantive Facts and Procedural History**

{¶2} On November 29, 2022, Appellant filed a complaint for declaratory judgment against Appellees. In the complaint, Appellant asserted that in 2015, it acquired "100%"

ownership from VCP I's former owner, Sean Stapulionis. But, Appellant also asserted, in 2021, Mr. Stapulionis formed a new company with a similar name, VCP III. Appellant claimed that VCP III's name was "misleadingly similar" to VCP I and caused "actual confusion" to Lake County Officials and "others."

{¶3} In its request for relief, Appellant sought a declaratory judgment "establishing the parties' respective rights, specifically an order that [VCP III] be enjoined from using any name that is confusingly similar to and insufficiently distinguishable from [VCP I], be required to change its name, * * * and that Mr. Stapulionis be enjoined from creating any further entities with, or further using, any name that is confusingly similar to and insufficiently distinguishable from [VCP I]."

{¶4} On January 30, 2023, Appellees filed their answer. Appellees asserted that when the current owners acquired VCP I in 2015, "no trademarks, registered trade names, or intellectual property were transferred or sold." It also claimed that neither company marketed to the public or registered a trademark. Rather, each entity is a real estate holding company. Appellees last asserted that there was no "marketplace confusion" over the names, but that there was a "single clerical error with the Lake County Recorder's Office," which Appellees "immediately corrected."

{¶5} Appellant's Chief Executive Officer Michael Canty swore on affidavit that there was a second instance of confusion. Specifically, that on one occasion, a member of the public interested in land owned by VCP I approached Appellant to negotiate a sale.

{¶6} On June 16, 2023, Appellees moved for summary judgment. In its brief in support of its motion, Appellees argued that summary judgment should have been granted because: (1) Appellant did not have exclusive use of all iterations of the VCP

2

name; (2) Appellant did not present a contract or other writing for the court to construe in its complaint for a declaratory judgment; (3) the dispute is not justiciable because no current controversy existed, as there were only two prior instances of confusion; and (4) Appellant did not assert that speedy relief was necessary.

{¶7} On July 5, 2023, Appellant filed its opposition to Appellees' motion for summary judgment. Appellant opposed the court granting summary judgment, asserting: (1) Mr. Stapulionis, and VCP's other former owners, had sold the rights to the VCP name when they sold the company; and (2) there is a current controversy because two prior instances of confusion demonstrate a threat of future confusion.

{¶8} On October 3, 2023, the Lake County Court of Common Pleas granted Appellees' motion for summary judgment. It held that Appellant "has not presented a proper claim for declaratory judgment, that no genuine issues of material fact exist for the Court to decide." Specifically, the court noted: "Plaintiff has not only not set forth what legal right it has to all iterations of the name, but it has not set forth what dispute or controversy exists because of the two instances of confusion. Plaintiff has not even alleged that speedy relief is necessary."

## Assignment of Error and Analysis

{¶9} Appellant timely appealed and raises one assignment of error:

{¶10} "The trial court erred by dismissing Voyage Capital Properties, LLC's complaint for declaratory judgment and injunctive relief on summary judgment, finding there was no justiciable dispute."

3

Case No. 2023-L-094

**A. Standard of Review:**

{¶11} Generally, a trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶ 27.

{¶12} However, "the abuse-of-discretion standard applies to the review of a trial court's holding regarding justiciability; once a trial court determines that a matter is appropriate for declaratory judgment, its holdings regarding questions of law are reviewed on a de novo basis." *Arnott v. Arnott*, 132 Ohio St. 3d 401, 2012-Ohio-3208,972 N.E.2d 586, ¶ 13.

{¶13} "'The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record.' *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶ 30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678, [148 N.E. 362] (1925)." *State v. Raia*, 11th Dist. Portage No. 2013-P-0020, 2014-Ohio-2707, ¶ 9.

{¶14} Stated differently, an abuse of discretion is "the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *Id.*, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting Black's Law Dictionary 11 (8th Ed.Rev.2004). "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error[.] * * * By contrast, where the issue on review has been confined to the discretion of the trial

4

court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Id.*, quoting *Beechler* at ¶ 67.

**B. Law and Analysis:**

{¶15} Before we fully analyze whether or not the trial court erred, we must address two of Appellant's assertions.

{¶16} First, in Appellant's assignment of error, it claimed that the trial court erred in dismissing its complaint for declaratory judgment *and* injunctive relief. Appellant's complaint is unclear in that it did not separately request injunctive relief. It sought a declaratory judgment "establishing the parties' respective rights, specifically an order that [VCP III] be enjoined * * *." A declaratory judgment does not "enjoin" parties from doing something. A declaratory judgment is an order in which "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed." R.C. 2701.02.

{¶17} R.C. 2701.09 provides:

> Whenever necessary or proper, a court of record may grant further relief based on a declaratory judgment or decree previously granted under this chapter. The application for the further relief shall be by a complaint filed in a court of record with jurisdiction to grant the further relief. If the application is sufficient, the court, on reasonable notice, shall require any adverse party whose rights have been adjudicated by the declaratory judgment or decree to show cause why the further relief should not be granted forthwith.

{¶18} The trial court did not pass judgment on whether or not Appellant claimed further relief. It also did not render a decision on whether or not Appellant was entitled to injunctive relief. Whether the trial court erred in dismissing Appellant's complaint for injunctive relief is not before us because the court did not rule on the matter. Thus, we only analyze the court's dismissing Appellant's complaint for a declaratory judgment.

5

Case No. 2023-L-094

{¶19} Second, Appellant argues that Appellees were required to obtain consent to use the corporate name "Voyage Capital Properties." This is a question of law that the trial court did not render a judgment on, appropriately so. The trial court only stated that Appellant has "not set forth what legal right it has to all iterations of the name." Neither the trial court, nor this court, needs to render a judgment on that issue because Appellant has not proven that declaratory relief was available.

{¶20} "In order to obtain summary judgment, the movant must show that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "If the movant meets this burden, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial." *Id.*

{¶21} "* * * [D]eclaratory relief is available to a plaintiff who can show that (1) a real controversy exists between the parties, (2) the controversy is justiciable, and (3) speedy relief is necessary to preserve the rights of the parties." *Moore v. City of Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 49. "Courts have the duty to ensure that plaintiffs plead these elements for purposes of declaratory-judgment actions and that the complaint sufficiently avers injury, causation, and redressability. Thus, our generosity is tempered by an insistence on sufficiency in the

6

pleadings. If a party fails to establish any of the necessary showings to bring the claims, the judge must dismiss the cause." *Id.*

{¶22} R.C. 2721.03 requires "an actual controversy, the resolution of which will confer certain rights or status upon the litigants." *Mid-American Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 9, citing *Corron v. Corron*, 40 Ohio St.3d 75, 79, 531 N.E.2d 708 (1988). An actual or justiciable controversy is defined as a "genuine dispute between parties having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Wagner v. Cleveland*, 62 Ohio App.3d 8, 13, 574 N.E.2d 533 (8th Dist.1988). "[N]ot every case is appropriate for a declaratory judgment action." *Ohio Assn. of Pub. School Emps. (OAPSE) v. School Emps. Retirement Sys. of Ohio*, 10th Dist. No. 19AP-288, 2020-Ohio-3005, ¶ 26. "Thus, in the absence of an actual controversy, a trial court may not render a declaratory judgment." *Id. See also Hardrives Paving & Constr., Inc. v. Niles*, 99 Ohio App.3d 243, 246, 650 N.E.2d 482 (11th Dist. 1994).

{¶23} Appellant contends that the trial court erred in dismissing its complaint for declaratory relief because a real and justiciable controversy existed between the parties. In support of this proposition, Appellant argues that when two corporations have similar names, instances of prior confusion among the public demonstrate a threat of future confusion. Appellant therefore contends that a real and actual controversy exists.

{¶24} Among other cases, Appellant cites *Hinckley Chamber of Commerce v. Hinckley Chamber of Commerce, Inc.*, 27 Ohio App.3d 264, 501 N.E.2d 47 (9th Dist. 1985). In *Hinkley*, the plaintiff moved for injunctive relief to prevent the defendant from using a similar corporate name. The court held that the plaintiff "must show a reasonable

7

probability that a real injury, for which there is no adequate remedy at law, exists. * * * It is sufficient for purposes of meeting the injury standard to demonstrate threatened or imminent confusion or deception." *Id.* at 267. The Ninth District remanded the case "for a determination of whether or not deception or confusion would arise and, if so, whether it is of a sufficient level to warrant enjoining Hinckley II from the use of the name."

{¶25} *Hinkley* is distinguishable from the instant case. In *Hinkley,* the plaintiff sought injunctive relief, which is why the court held that the plaintiff "must show a reasonable probability that a real injury * * * exists." Here, as noted above, the court did not rule on injunctive relief. The trial court granted Appellee's motion for summary judgment and dismissed Appellant's complaint for declaratory judgment finding that Appellant "has not set forth what dispute or controversy exists because of the two instances of confusion." We therefore analyze, under an abuse of discretion standard, whether or not Appellant was entitled to relief and if it demonstrated that: (1) a real controversy existed between the parties, (2) the controversy was justiciable, and (3) speedy relief was necessary to preserve the rights of the parties.

{¶26} The trial court found that the two instances of confusion were insufficient to find a real controversy existed between the parties. The first instance was when the Lake County Recorder's Office sent a tax bill for Appellant to Appellees' address. Appellees contend that they "immediately" resolved the issue when it called the recorder's office to alert the office that it had the wrong address. On the second instance of confusion, a member of the public interested in land owned by Appellees approached Appellant to negotiate a sale.

8

{¶27} Appellant argues that because there were past instances of confusion, there is a threat of future confusion. Yet, "[n]ot every conceivable controversy is an actual one. * * * in order for a justiciable question to exist, '"[t]he danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events * * * and the threat to his position must be actual and genuine and not merely possible or remote."'" *Arnott v. Arnott*, 132 Ohio St. 3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 10 quoting *League for Preservation of Civil Rights v. Cincinnati*, 64 Ohio App. 195, 197,28 N.E.2d 660 (1st Dist. 1940), quoting Borchard, Declaratory Judgments (1934) 40.

{¶28} The trial court did not abuse its discretion in finding that no justiciable or actual controversy existed. There were only two prior instances of confusion, both of which were minor and quickly resolved by the parties. Appellant's argument that there is a future threat of confusion is not a current, actual controversy. Rather, it is contingent on the happening of hypothetical future events. We also stress that, according to Appellees, neither corporation markets to the public. Thus, there is a lesser possibility of confusion. There is no genuine dispute at issue because there are no current instances of confusion – both past instances of confusion had been resolved before Appellant filed the instant complaint.

{¶29} The trial court also correctly noted that Appellant did not allege that speedy relief was necessary, as required to be entitled to declaratory relief.

{¶30} For the forgoing reasons, the trial court, in granting Appellees' motion for summary judgment, did not fail to exercise sound, reasonable, and legal decision-making.

{¶31} Appellant's assignment of error is without merit.

9

Case No. 2023-L-094

{¶32} The judgment of the Lake County Court of Common Pleas is affirmed.


EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2023-L-094