**[Cite as *Wynn v. Crumm*, 2024-Ohio-1447.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| THOMAS WYNN, | : | APPEAL NO.   C-230341<br>TRIAL NO.     2020-002927 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| BEATRICE CRUMM, Individually and as Trustee of the Stephen D. Wynn Living Trust, | : | |
| | : | |
| Defendant-Appellant, | : | |
| and | : | |
| DEBORAH WORSHAM, et al., | : | |
| Defendants. | : | |

Appeal From: Hamilton County Court of Common Pleas, Probate Division

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: April 17, 2024

*Graf Coyne Co., LPA, William R. Graf, Jennifer J. Loomis, LLC*, and *Jennifer J. Loomis*, for Plaintiff-Appellee,

*David L. Prem* and *Timothy R. Cutcher*, for Defendant-Appellant.

**CROUSE, Judge.**

{¶1} This appeal centers on the question of whether the trust agreement at issue permits the trustee to sell real property owned by the Trust and distribute the proceeds of the sale to the beneficiaries, or if instead the trustee must convey title to the real property to the 14 beneficiaries "in kind." One faction of the beneficiaries, represented by plaintiff-appellee Thomas Wynn, argues that title to the real property must be conveyed to the beneficiaries in kind.[1] The other faction, represented by defendant-appellant Beatrice Crumm, argues that the trustee has the discretion to sell the property and distribute the proceeds to the beneficiaries. For the following reasons, we agree with Crumm that the trust agreement permits the trustee to sell the property and distribute the proceeds of the sale to the beneficiaries.

## I. Factual and Procedural History

{¶2} Beatrice is the trustee of the Stephen D. Wynn Living Trust ("the Trust"). Beatrice is also a beneficiary under the Trust. Thomas, Beatrice's brother and one of the beneficiaries of the Trust, brought this action against Beatrice seeking to compel Beatrice to provide an accounting of Trust assets, to prevent Beatrice from selling Trust real estate, and to require compliance with Ohio Trust Code provisions pertaining to impartiality and conflicts of interest.[2]

{¶3} The Trust provides that the Trust shall terminate and its corpus shall be distributed on the death of Frank Wynn, Sr., ("Frank Sr."). Frank Sr. is the father of the 14 beneficiaries of the Trust. Stephen D. Wynn, the Settlor of the Trust, is one of Frank Sr.'s children and a beneficiary of the Trust. Prior to his death, Frank transferred

---

[1] Because Thomas and many of the beneficiaries of the Trust share the surname Wynn, we refer to the beneficiaries and their father by their first names.
[2] The complaint names the other beneficiaries as defendants. However, only Thomas and Beatrice are parties to this appeal.

his real estate to Stephen to avoid those assets being included as countable resources for Medicaid eligibility purposes. Stephen subsequently transferred the real estate to Beatrice as trustee of the Trust. Beatrice, acting as Frank Sr.'s attorney-in-fact, transferred other of Frank Sr.'s property, including bank accounts, a tractor, and cash, into the Trust.

{¶4} Frank Sr. died in April 2020. In August 2020, Thomas brought the instant action to enforce his rights as a beneficiary of the Trust. In relevant part, the magistrate found that the express terms of the trust agreement require that the trustee convey title to the real estate to the beneficiaries, and that the trustee may not sell the real estate and distribute the proceeds unless all the beneficiaries agree to such distribution. The real estate at issue in this appeal consists of three parcels of farmland in Clermont County, Ohio.

{¶5} Beatrice, as trustee, filed objections to the magistrate's decision arguing, in relevant part, that the magistrate erred in her interpretation of the unambiguous terms of the trust agreement. Beatrice also argues, in the alternative, that if the terms of the trust agreement are ambiguous, the magistrate erred by failing to hold an evidentiary hearing. The trial court overruled the objections and issued an order adopting the magistrate's decision. This appeal timely followed.

## II. Analysis

{¶6} Beatrice raises two assignments of error for the court's consideration. In her first assignment of error, Beatrice argues that the trial court erred in its interpretation of the trust agreement that the trustee is required to distribute the real estate to the beneficiaries in kind. In her second assignment of error, Beatrice argues in the alternative that if the trust agreement is ambiguous, the trial court erred by not

holding an evidentiary hearing to determine whether the ambiguity can be resolved with the assistance of extrinsic evidence of its meaning.

{**¶7**}    The interpretation of a written trust is a question of law, which this court reviews de novo. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 14. "A court's purpose in interpreting a trust is to effectuate, within the legal parameters established by a court or by statute, the settlor's intent." *Id.*, quoting *Domo v. McCarthy*, 66 Ohio St.3d 312, 612 N.E.2d 706 (1993), paragraph one of the syllabus. Accordingly, "the trust must be read as a whole to discern the intent of the settlor." *Evans v. Evans*, 2014-Ohio-4450, 20 N.E.3d 1139, ¶ 16 (4th Dist.); *May v. Lubinski*, 9th Dist. Summit No. 26528, 2013-Ohio-2173, ¶ 10.

{**¶8**}    The portion of the trust agreement in dispute is found in Article IV(B)(1):

> Real Estate Division into Shares. Trustee shall divide all real estate then remaining in the Trust Estate into fourteen shares. Trustee shall distribute one such share, outright and free of trust, to each of Frank L. Wynn's children.

{**¶9**}    There is no explicit language in Article IV or elsewhere in the trust that forbids the trustee from selling the real estate in the trust and requires the trustee to convey the real estate to the beneficiaries in kind.

{**¶10**}    Beatrice points to the following power granted to the trustee in Article V(P), as the source of the trustee's authority to sell the real estate and distribute the proceeds to the beneficiaries:

> In-Kind Division or Distribution. Upon any division, distribution, allocation or apportionment of any assets, Trustee may make such

4

division, distribution, allocation or apportionment in money or in kind, or partly in money and partly in kind.

{¶11} Beatrice also points to Article V(C), which sets forth another discretionary power of the trustee, as confirmation that the trustee has the authority to sell the real estate:

Disposition of Assets. Trustee may sell, lease, exchange or grant options to purchase, publicly or privately, any asset, real or personal, and any right appurtenant thereto, for cash or upon credit, with or without security.

{¶12} Under this paragraph, the trustee has the discretion to sell the real estate at any time during the existence of the Trust. Beatrice argues that bestowing such power upon the trustee demonstrates that the settlor did not intend for the trustee to be limited to an in-kind distribution of the shares of real estate to the beneficiaries.

{¶13} By contrast, Thomas focuses his argument on the powers and duties laid out in the Ohio Trust Code, R.C. Chapters 5801 to 5811. In particular, Thomas calls attention to the trustee's duty of loyalty under R.C. 5808.02(A), which states, "A trustee shall administer the trust solely in the interests of the beneficiaries." Thomas emphasizes that duties are mandatory and powers are discretionary. In his brief, Thomas argues that "duties circumscribe powers."

{¶14} While we do not disagree with the general principle that a trustee must exercise her powers in accordance with her fiduciary duties, we are also cognizant that the Trust Code only governs the trust relationship insofar as the trust agreement is silent on the relevant issue. *See* R.C. 5801.04(A) (Emphasis added.) ("*Except as*

*otherwise provided in the terms of the trust*, Chapters 5801. to 5811. of the Revised Code govern the duties and powers of a trustee, relations among trustees, and the rights and interests of a beneficiary."). The Trust Code lists 14 exceptions where the trust agreement cannot modify a statutory provision, but none of those exceptions apply to the controversy at issue. *See* R.C. 5801.04(B).

{¶15} In this case, the trust agreement, read as a whole, is unambiguous that the trustee has the discretionary authority to sell real property held in trust and to make "any distribution" of trust property in money, in kind, or partly in money and partly in kind. Article IV(B)(1) requires the trustee to divide all real estate remaining in the trust into 14 shares. Article V(P) states that once divided, the trustee may make any distribution "in money or in kind." The power to distribute the property in money is in harmony with the trustee's power to sell trust real estate found in Article V(C).

{¶16} These discretionary powers do not inherently conflict with any of the trustee's fiduciary duties under the trust agreement or the Trust Code.[3] Therefore, we hold that the trust agreement permits the trustee to sell the real estate and distribute the proceeds of the sale to the beneficiaries. Beatrice's first assignment of error is sustained.

{¶17} In her second assignment of error, Beatrice seeks the alternative relief of an evidentiary hearing if we had found the language of the trust agreement to be ambiguous. Because we hold that the language of the trust agreement is unambiguous and grant the requested relief under Beatrice's first assignment of error, Beatrice's second assignment of error is moot. We therefore decline to address it. *See* App.R.

---

[3] We are mindful of the requirement that the trustee must conduct the sale of the property and make distributions in a way that complies with her fiduciary duties under the trust agreement and the Trust Code.

12(A)(1)(c).

### *III. Conclusion*

**{¶18}** For the foregoing reasons, we reverse the judgment of the trial court and remand the cause for further proceedings.

Judgment reversed and cause remanded.

**ZAYAS, P.J.**, and **KINSLEY, J.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.