[Cite as *Corpus Christi Firefighters' Retirement Sys. v. Macellum Capital Mgt., L.P.*, 2025-Ohio-1895.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Corpus Christi Firefighters' Retirement System, | : | |
| | : | |
| Plaintiff-Appellant/ Cross-Appellee, | : | No. 24AP-269 |
| | | (C.P.C. No. 21CV-2695) |
| v. | : | |
| | : | (REGULAR CALENDAR) |
| Macellum Capital Management, L.P. et al., | : | |
| | : | |
| Defendants-Appellees/ Cross-Appellants. | : | |

D E C I S I O N

Rendered on May 27, 2025

**On brief**: *Murray Murphey Moul + Basil LLP, Joseph F. Murray*, and *Geoffrey J Moul*; *Robbins Geller Rudman & Dowd LLP, Darren J. Robbins, Randall J. Baron, Benny C. Goodman, III, Erik W. Luedeke, Steven F. Hubachek*, and *Heather G. Geiger* for Corpus Christi Firefighters' Retirement System. **Argued**: *Steven F. Hubachek.*

**On brief**: *Tucker Ellis LLP*, and *Scott J. Stitt* for Macellum Capital Management, L.P., Macellum Capital Management, LLC, Macellum Opportunity Fund, L.P., Macellum Management LP, Macellum Advisors GP, LLC, Jonathan Duskin, and Aaron Goldstein.

**On brief**: *Chris Tavenor* for Amicus Curiae of the Ohio Environmental Council.

**On brief**: *Dickinson Wright PLLC*, and *Manual D. Cardona* for Amicus Curiae of the Investor Choice Advocates Network.

**On brief**: *Martin Regis McGann* for Amicus Curiae of the Greater Cleveland Partnership.

**On brief**: *Dickson Wright PLLC, David A. Lockshaw, Jr.,*

*Terrence O'Donnell*, and *Kevin D. Shimp* for Amicus Curiae of the Cleveland Building and Construction Trades Council, and the Building Laborers Union 310.

**On brief**: *Squire Patton Boggs (US) LLP*, and *Joseph C. Weinstein*; *Squire Patton Boggs (US) LLP, Jeffery M. Walker, Christopher F. Haas*, and *Elizabeth P. Trebblen* for Ancora Holdings, Inc., Ancora Advisors LLC, Ancora Institutional LP, Ancora Merlin, LP, Ancora Catalyst Institutional, LP, Ancora Catalyst LP, Ancora Catalyst SPV I LP, Ancora Catalyst SPVI SPC Ltd, and Frederick DiSanto. **Argued**: *Joseph C. Weinstein.*

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Plaintiff-appellant/cross-appellee, Corpus Christi Firefighters' Retirement System ("Corpus Christi"), appeals from an order and entry of the Franklin County Court of Common Pleas granting the motion for summary judgment of defendants-appellees/cross-appellants, Macellum Capital Management, L.P., Macellum Capital Management, LLC, Macellum Opportunity Fund, L.P., Macellum Management, LP, Macellum Advisors GP, LLC, Jonathan Duskin, Aaron Goldstein, Ancora Holdings, Inc., Ancora Advisors, LLC, Ancora Merlin Institutional, LP, Ancora Merlin, LP, Ancora Catalyst Institutional, LP, Ancora Catalyst SPV I LP, Ancora Catalyst SPV I SPC Ltd., and Frederick DiSanto (collectively the "investor group"). The investor group filed a cross-appeal from the same order and entry. For the following reasons, we reverse.

## I. Facts and Procedural History

{¶ 2} Corpus Christi is an owner of common stock of Big Lots, an Ohio corporation. (Apr. 30, 2021 Compl. at ¶ 9.) On April 30, 2021, Corpus Christi filed a complaint against the investor group alleging the investor group violated R.C. 1707.043, colloquially referred to as Ohio's Anti-Greenmail Statute. The complaint alleged the investor group worked together to amass an 11-percent stake in Big Lots before publicly criticizing Big Lots' board of directors and advocating for various changes in Big Lots' corporate policy and leadership. (Compl. at ¶ 39-52.) After the trading price of Big Lots common stock increased following its public criticism, the investor group eventually sold 686,571 shares of Big Lots common

stock for proceeds exceeding $34.6 million, reducing the investor group's stake in Big Lots from 11-percent to below 3-percent. (Compl. at ¶ 54, 57.) Corpus Christi alleged the investor group acted in violation of R.C. 1707.043 and aided and abetted one another in violation of R.C. 1707.043. (Compl. at ¶ 62, 67.)

{¶ 3} On July 5, 2023, the investor group filed a motion for summary judgment. The investor group argued (1) Corpus Christi lacked common law standing to bring the action because it had not suffered a concrete injury, (2) the action was not a proper derivative action under Civ.R. 23.1, and (3) Corpus Christi could not establish the investor group violated R.C. 1707.043 because it could not demonstrate the investor group engaged in a "manipulative practice" or made "a proposal to acquire control" of Big Lots. (Def.'s Mot. for Summ. Jgmt.) Corpus Christi opposed the investor group's motion for summary judgment, arguing, in relevant part, that it need not demonstrate a concrete injury to establish standing because R.C. 1707.043 conferred it with statutory standing and the statute does not require compliance with Civ.R. 23.1. The investor group filed a reply on September 29, 2023, again arguing Corpus Christi did not have statutory standing and still needed to demonstrate a concrete injury to support common law standing.[1]

{¶ 4} In a March 20, 2024 order and entry, the trial court granted the investor group's motion for summary judgment. The trial court summarized the arguments related to standing but did not determine whether Corpus Christi had standing under Ohio law. Instead, the trial court stated:

> [I]t is clear that Ohio law regarding statutory standing is continuing to evolve in light of recent decisions from the United States Supreme Court. At this time, and in light of the applicable law here, this Court is not persuaded that the language of O.R.C. § 1707.043 expresses a clear intent to abrogate common law standing requirements. Nevertheless, for the purpose of this motion for summary judgment, the Court will proceed under the *presumption* that Plaintiff has statutory standing to pursue this matter.

---

[1] The parties also addressed the merits of a claimed violation of R.C. 1707.043. The Ohio Department of Commerce, Division of Securities, filed an amicus brief offering its own interpretation of the requirements for a prima facie case under R.C. 1707.043. Additionally, the Ohio Chamber of Commerce filed an amicus brief in support of the investor group, urging the trial court to adopt the interpretation of the Division of Securities. Corpus Christi filed responsive briefs to the amicus briefs.

(Emphasis added.) (Mar. 20, 2024 Order and Entry at 11.) The trial court then addressed the investor group's remaining arguments and concluded that although a genuine issue of material fact remained as to whether Corpus Christi had derivative standing under Civ.R. 23.1, summary judgment was nonetheless appropriate because Corpus Christi could not demonstrate a prima facie case of a violation of R.C. 1707.043. Specifically, the trial court found Corpus Christi could not satisfy its reciprocal burden to demonstrate the existence of a genuine issue of material fact that the investor group's actions constituted "manipulative practices" under R.C. 1707.043.[2]

{¶ 5} Corpus Christi timely appealed and the investor group timely cross-appealed.

{¶ 6} On December 16, 2024, after the parties submitted their briefs, Big Lots filed a motion to substitute as plaintiff-appellant or, in the alternative, to intervene. The investor group opposed Big Lots' motion and filed a motion to dismiss the appeal on January 10, 2025. Additionally, the investor group filed a January 17, 2025 notice of supplemental authority notifying this court of recent amendments to R.C. 1707.043. On February 28, 2025, Corpus Christi filed a motion to strike the supplemental authority.

## II. Assignments of Error

{¶ 7} Corpus Christi raises the following sole assignment of error for our review:

> The trial court erred in granting summary judgment.

{¶ 8} Additionally, the investor group raises the following cross-assignments of error for our review:

> I. The trial court erred in declining to grant summary judgment to Defendants despite Plaintiff's failure to raise a question of material fact regarding the actual injury necessary for standing.
>
> II. The trial court erred in declining to grant summary judgment to Defendants despite Plaintiff's failure to raise a

---

[2] The trial court construed the prima facie elements of a violation of R.C. 1707.043 as requiring (1) manipulative practices, (2) by an entity that makes a proposal or publicly discloses the intention or possibility of making a proposal to acquire control of a corporation, and (3) disposes of their equity securities within 18 months of the proposal or public disclosure. After concluding Corpus Christi could not satisfy the first element of a prima facie case because it could not show the investor group engaged in manipulative practices, the trial court stated, "Although the analysis can conclude at this point, the Court will nevertheless proceed to complete the full analysis." (Mar. 20, 2024 Order and Entry at 23.) The trial court then determined there remained a question of fact as to whether the investor group made a proposal to acquire control of Big Lots under the second element, and there was no dispute the investor group disposed of their equity securities within 18 months of the proposal under the third element.

question of material fact that Plaintiff satisfied the wrongful refusal requirement of Civ.R. 23.1 for derivative lawsuits.

III. The trial court erred in declining to grant summary judgment to Defendants under R.C. 1707.043 on the grounds that Defendants did not make a "proposal to acquire control" of Big Lots.

## III. Corpus Christi's Sole Assignment of Error–Summary Judgment

{¶ 9} In its sole assignment of error, Corpus Christi argues the trial court erred in granting the investor group's motion for summary judgment.

{¶ 10} An appellate court reviews a trial court's grant of summary judgment under a de novo standard. *Estate of Sample v. Xenos Christian Fellowship, Inc.*, 2021-Ohio-3898, ¶ 9 (10th Dist.). "[D]e novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." (Internal quotations and citations omitted.) *Holt v. State*, 2010-Ohio-6529, ¶ 9 (10th Dist.). Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 11} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the summary judgment motion and of identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party cannot discharge its initial burden with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating the nonmoving party has no evidence to support the non-moving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997). If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment. *Dresher* at 293. Where the moving party satisfies the initial burden, summary judgment is appropriate unless the nonmoving party responds, by affidavit or otherwise as

provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Id.*; *Hall v. Ohio State Univ. College of Humanities*, 2012-Ohio-5036, ¶ 12 (10th Dist.); Civ.R. 56(E).

{¶ 12} Corpus Christi asserts the trial court erred in granting summary judgment to the investor group by (1) erroneously interpreting R.C. 1707.043, and (2) failing to determine whether Corpus Christi had standing. Because the standing argument is dispositive, we address it first.

{¶ 13} Standing is a question of law we review de novo. *Cuyahoga Cty. Bd. of Commrs. v. State*, 2006-Ohio-6499, ¶ 23. Article IV, Section 4(B) of the Ohio Constitution provides the "courts of common pleas and divisions thereof shall have such original jurisdiction *over all justiciable matters* and such powers of review of proceedings of administrative officers and agencies as may be provided by law." (Emphasis added.) Standing to sue is part of the general understanding of what makes a case justiciable and is a " 'jurisdictional requirement.' " *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 2012-Ohio-5017, ¶ 21-22, quoting *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179 (1973). "It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy." *Id.* at ¶ 41. Therefore, "[b]efore an Ohio court can consider the merits of a legal claim, the person or entity seeking relief must establish standing to sue." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce, Div. of State Fire Marshall*, 2007-Ohio-5024, ¶ 27. *See Moore v. Middletown*, 2012-Ohio-3897, ¶ 23 ("It is well settled that standing does not depend on the merits of the plaintiff's contention that particular conduct is illegal or unconstitutional. Rather, standing turns on the nature and source of the claim asserted by the plaintiffs.").

{¶ 14} Here, the investor group argued during summary judgment proceedings that Corpus Christi lacked both common law and statutory standing to bring the action. Despite the issue of standing being squarely before the trial court—having been fully briefed by both parties–the court expressly declined to rule on the question. Instead, though the trial court articulated some doubt as to whether R.C. 1707.043 created statutory standing, the trial court "proceed[ed] under the presumption that Plaintiff has statutory standing to pursue this matter." (Mar. 20, 2024 Order and Entry at 11.) The court then addressed the merits of the motion for summary judgment.

{¶ 15} The investor group acknowledges the trial court failed to determine, in the first instance, whether Corpus Christi had standing to bring the action but asks this court to make that determination on appeal. We decline to do so. The trial court expressly declined to rule on the threshold standing question before it. *See State v. Hicks*, 2019-Ohio-4691, ¶ 17 (10th Dist.) (finding it appropriate to remand to the trial court to consider, in the first instance, the legal question presented in a motion to dismiss), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360 (1992) (applying the general proposition that an appellate court may decline to resolve legal issues in the first instance in order to retain its role as a "reviewing court"); *Freeman v. Ohio Elections Comm.*, 2024-Ohio-1223, ¶ 48 (10th Dist.), citing *State ex rel. Ewart v. State Teachers Retirement Sys. Bd. of Ohio*, 2019-Ohio-2459, ¶ 53 (10th Dist.) ("Generally, when the common pleas court fails to address an argument, this court will remand the matter for the common pleas court to make the determination in the first instance."). To the extent the parties suggest the trial court effectively answered the standing question by discussing Civ.R. 23.1 derivative standing, we do not agree. Instead, the trial court was explicit that it only reached the Civ.R. 23.1 derivative standing argument after *presuming*, but *not deciding*, Corpus Christi had statutory standing more generally.

{¶ 16} In turning to the merits of the claim without making a definitive determination of Corpus Christi's standing, the trial court erred. *See State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 2011-Ohio-4612, ¶ 27, quoting *Kincaid v. Erie Ins. Co.*, 2010-Ohio-6036, ¶ 9 ("Standing is a preliminary inquiry that must be made before a court may consider the merits of a legal claim."). Because standing to sue is a threshold jurisdictional matter that must be addressed before a court reaches the merits of an action, and because the question of standing was expressly raised and briefed by both parties before the trial court, we remand the matter to the trial court to determine, in the first instance, whether Corpus Christi had standing to bring the action.[3] *See Fed. Home Loan*

---

[3] The investor group argued that Corpus Christi lacked standing because it could not show a concrete injury. Corpus Christi maintained it need not show a concrete injury because it had statutory standing under R.C. 1707.43. With respect to statutory standing more broadly, we note that the Supreme Court of Ohio has accepted jurisdiction over the following proposition of law: "A statute does not and cannot abrogate the need to prove standing merely by specifying an amount of statutory damages, and the need for individualized proof means common issues do not predominate across the statewide class." *Voss v. Quicken Loans, LLC*, case No.

*Mtge. Corp.*, 2012-Ohio-5017 at ¶ 24, quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570-71 (1992) ("[S]tanding to sue is required to invoke the jurisdiction of the common pleas court," and must " 'be determined as of the commencement of [the] suit' "); *Wilkins v. Harrisburg*, 2015-Ohio-5472, ¶ 42 (10th Dist.) (reversing the trial court's decision granting summary judgment and remanding for the trial court to determine, in the first instance, whether the plaintiff had established standing); *State v. Hayward*, 2016-Ohio-7671, ¶ 34 (10th Dist.) (though the state argued lack of standing to the trial court, the trial court did not address the question of standing; thus, we remanded for the trial court, in the first instance, to "make the appropriate factual findings and apply the appropriate legal standard to determine whether [the defendant] had standing to object to the search"); *Riverside v. State*, 2010-Ohio-5868, ¶ 58 (10th Dist.) ("Because the trial court here has not decided either the City's standing to maintain an equal protection challenge or the merits of the City's equal protection argument, we decline to address those issues in the first instance and, instead, remand this matter for the trial court to initially consider and decide them"); *Kosuke v. Franklin Cty. Bd. of Revision*, 2021-Ohio-4068, ¶ 4-6 (10th Dist.) (where the Board of Tax Appeals failed to address the issue of standing to file the notices of appeal, we "decline[d] to resolve those legal and factual issues . . . in the first instance" and remanded the matter to the Board of Tax Appeals to make those determinations).

{¶ 17} Having concluded the trial court's failure to determine the question of standing requires reversal, the remaining portion of Corpus Christi's sole assignment of error related to the trial court's interpretation of R.C. 1707.043 is moot, and we need not address it. *Croce v. Ohio State Univ. Bd. of Trustees*, 2024-Ohio-2138, ¶ 67 (10th Dist.), quoting *State v. Gideon*, 2020-Ohio-6961, ¶ 26 (" '[A]n assignment of error is moot when an appellant presents issues that are no longer live as a result of some other decision rendered by the appellate court' "), and App.R. 12(A)(1)(c) (an appellate court must decide each assignment of error " '[u]nless an assignment of error is made moot by ruling on another assignment of error' "). Accordingly, we sustain, in part, Corpus Christi's sole assignment of error.

---

2024-0257. The case has been fully briefed, and the Supreme Court heard oral arguments in the matter on March 13, 2025.

## IV. The Investor Group's Cross-Assignments of Error

{¶ 18} In their first cross-assignment of error, the investor group argues the trial court erred in failing to grant summary judgment in their favor on the question of Corpus Christi's standing. In their second cross-assignment of error, the investor group argues the trial court erred in failing to grant summary judgment in their favor based on the requirements for derivative lawsuits set forth in Civ.R. 23.1. In their third and final cross-assignment of error, the investor group argues the trial court erred in failing to grant summary judgment in their favor based on a lack of evidence demonstrating the investor group made a proposal to acquire Big Lots. Having already determined in our resolution of Corpus Christi's sole assignment of error that we must remand the matter to the trial court to determine the threshold issue of Corpus Christi's standing, the investor group's three cross-assignments of error are moot, and we need not address them. *See Croce* at ¶ 67, quoting *Gideon* at ¶ 26, and App.R. 12(A)(1)(c).

## V. Motions

{¶ 19} As outlined above, following the submission of their merit briefs, the parties filed a series of motions including (1) Big Lots' motion to substitute or intervene, (2) the investor group's motion to dismiss, and (3) Corpus Christi's motion to strike the investor group's notice of supplemental authority. The motion to substitute or intervene and the motion to dismiss raise questions regarding which entity is a proper party and necessarily would require an examination of standing. The motion to strike the notice of supplemental authority relates to the underlying merits of interpretation of R.C. 1707.043. Because we have concluded the trial court must determine, in the first instance, the threshold question of whether Corpus Christi had standing and do not reach the question of interpretation of R.C. 1707.043, these motions are premature. *See, e.g., Fed. Home Loan Mtge. Corp.*, 2012-Ohio-5017, at ¶ 38 ("a common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance"); *Alternatives Unlimited-Special, Inc. v. Ohio Dept. of Edn.*, 2010-Ohio-1226, ¶ 33 (10th Dist.) ("Since this case must be remanded to the trial court for further proceedings, the Court of Claims will have the opportunity to address the res judicata argument at the appropriate time," the "cross-assignment of error is overruled as moot, and appellants'

motion to strike that cross-assignment is denied as moot."). Therefore, we deny as moot Big Lots' motion to substitute or intervene, the investor group's motion to dismiss, and Corpus Christi's motion to strike the investor group's notice of supplemental authority. *Alternatives Unlimited-Special, Inc.* at ¶ 33.

## VI. Disposition

{¶ 20} Based on the foregoing reasons, we conclude the trial court erred in failing to determine whether Corpus Christi had standing to commence this action. Having sustained, in part, Corpus Christi's sole assignment of error, rendering moot the remaining portion of Corpus Christi's sole assignment of error and the investor group's three cross-assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas, and we remand the matter to that court for further proceedings consistent with this decision.

*Judgment reversed and cause remanded*;
*motions denied as moot.*

BEATTY BLUNT and DINGUS, JJ., concur.